■ ROBERT FUTTERMAN et al., Respondents, v ALFONSO CALCE et al., Appellants. [642 NYS2d 220] —Judgment of the Supreme Court, Bronx County (Howard R. Silver, J.), entered on or about January 13, 1995, which, *inter alia*, confirmed the report of the Referee appointed to ascertain and compute the amount of principal, interest and related amounts payable to plaintiff under the note and mortgage, is unanimously reversed, on the law and facts, and the judgment vacated, without costs or disbursements. Order of the same court and Justice, entered March 18, 1993, which granted plaintiffs' motion for summary judgment of foreclosure and dismissed defendants' defenses and counterclaims, is unanimously modified, on the law, by vacating the judgment of foreclosure and the appointment of a referee to ascertain and compute the amount due and granting plaintiffs' motion solely to the extent of awarding plaintiffs the sum of $1,887 plus interest, and remanding the matter to the Supreme Court solely for the computation of such amount, and otherwise affirmed, without costs or disbursements.

Defendants purchased a single family home for $150,000, giving plaintiffs a 15 year purchase money mortgage at an annual interest rate of 10%. The mortgage schedule provided for 180 consecutive payments with decreasing proportions of interest, and increasing proportions of principal. Defendants made all monthly payments through June of 1989 when they made a prepayment of $10,269.79. They continued to make the monthly payments through December of 1991, and, on or about January 2, 1992 attempted to pay off the entire balance of the mortgage note by tendering plaintiffs a check for $115,507.84. Plaintiffs refused the tender asserting that the actual balance due was greater. Defendants began an action relating to the prepayment provisions of the mortgage, and in *Calce v Futterman* (197 AD2d 490), we affirmed the holding of the IAS Court that any prepayments were to be credited to the payments due at the end of the mortgage term and found that the court properly denied the application to discharge and cancel the mortgage. Plaintiffs, in the meantime, purported to exercise

their right to accelerate payment on the entire unpaid balance of the note which they claimed was $117,394.84 and commenced the instant foreclosure action. Defendants in their answer asserted, *inter alia*, that they were not in default. While the appeal in *Calce v Futterman* (*supra*) was pending, plaintiffs accepted the tender of the $115,507.84 without prejudice and moved for summary judgment as to the remainder they claimed was due. The IAS Court granted summary judgment on the ground that the prior Supreme Court orders constituted collateral estoppel and res judicata with respect to the defenses and appointed a Referee to compute the amounts due under the note and mortgage. The Referee rendered a report without a hearing which determined that defendants owed plaintiffs a balance of $25,290 stemming from a total amount of principal owed of $1,887 increased by interest on the *entire* unpaid balance from December 1, 1991 through October 27, 1992, together with other interest, penalties, costs and attorneys' fees. The IAS Court confirmed the report granting foreclosure and directing a sale of the property.

The defendants' appeal from the final judgment brings up for review "any non-final judgment or order which necessarily affects the final judgment" (CPLR 5501 [a] [1]) and, thus, brings up for review the order of the Supreme Court entered March 18, 1993, which granted plaintiffs' motion for summary judgment.

The IAS Court erred when it granted plaintiffs summary judgment, dismissing all the defendants' defenses, based upon the earlier findings in *Calce v Futterman* (*supra*). In that case, *only* the issue of how the tendered $115,507.84 was to be applied in payment of the mortgage was decided. The issue of whether defendants herein were in default on the payment due January 1, 1992 was *not* decided in that action. Thus, pursuant to the mortgage, defendants had fifteen days before they could be deemed in default for non-payment of principal and interest. Plaintiffs sent defendants a letter dated January 8, 1992 purporting to accelerate the entire balance under the note, *before* expiration of the 15 day period. Clearly, pursuant to the mortgage, plaintiffs were not entitled to accelerate the unpaid principal balance of the note on January 8, 1992.

An action in foreclosure is an equitable action and the equities herein compel a conclusion that plaintiffs were not entitled to reject tender of payment on January 2, 1992, use that rejection as the basis for holding defendants in default and accelerating payment on January 8, 1992, shortly thereafter accepting the $115,507.84 payment, while nevertheless obtaining

an award for interest on the entire amount due, plus costs and attorneys' fees. "Since an action to foreclose a mortgage is addressed to a court of equity, which should determine the rights of the parties to the suit according to equity and good conscience * * * [u]nder the circumstances, it * * * [was] unduly burdensome and harsh to permit foreclosure" (*Blomgren v Tinton 763 Corp.*, 18 AD2d 979, 980). Accordingly, we vacate the judgment of foreclosure and modify the prior grant of summary judgment to award plaintiffs *only* the difference between the amount tendered by defendants and the total amount due on the note ($1,887) and remand for computation of the total sum due plaintiffs, i.e., $1,887 plus applicable interest. Concur—Milonas, J. P., Kupferman, Nardelli and Mazzarelli, JJ.