True Gate Holding, Ltd. v Baroukhian (2021 NY Slip Op 04588)





True Gate Holding, Ltd. v Baroukhian


2021 NY Slip Op 04588


Decided on July 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 29, 2021

Before: Renwick, J.P., Manzanet-Daniels, Kennedy, Shulman, JJ. 


Index No. 850142/12 Appeal No. 13838 & M-1569 Case No. 2019-04970 

[*1]True Gate Holding, Ltd., Plaintiff-Respondent,
v
Nourallah Baroukhian et al., Defendants-Appellants, Manouchehr Malekin et al., Defendants.


Law Offices of Daniel A Thomas, P.C., New York (Daniel A. Thomas of counsel), for appellants.
The Feinsilver Law Group, P.C., Brooklyn (David Feinsilver of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered May 17, 2019, which granted plaintiff True Gate Holding, Ltd.'s (True Gate) motion for summary judgment and an order of reference, and denied defendants' cross motion to dismiss the complaint, unanimously affirmed, with costs.
Defendants are collaterally estopped from relitigating the timeliness of the foreclosure action, which was decided in the court's prior order and affirmed on appeal (see Buechel v Bain , 97 NY2d 295, 303-304 [2001]).
Based on a December 18, 2012 order, plaintiff had standing to commence this action. In any event there was a special meeting of shareholders on November 19, 2012, at which one of the agenda items was the authorization of True Gate and Yahudaii to commence a foreclosure proceeding. Noghrei, the other fifty-percent shareholder, who objected to the commencement of the foreclosure, after having been served notice of the meeting, failed to attend, even though the mortgage was in default for more than 30 days and any action to foreclose was required to be commenced by January 4, 2013. Finding that "an action to foreclose a mortgage is addressed to a court of equity, which should determine the rights of the parties to the suit according to equity and good conscience" (Futterman v Calce , 226 AD2d 306, 308 [1st Dept 1996] [internal quotations and citation omitted]), Supreme Court correctly determined that a "fifty-percent shareholder causing the entity to forego recovery on its only remaining asset goes against every principle of equity."
M-1569 - True Gate Holding, Ltd v Baroukhian Motion to strike defendant-appellants' reply brief, or certain sections thereof, for reasonable attorneys' fees, and for related relief, is denied. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 29, 2021