In the Matter of the Probate of the Will of MONROE L. DIX, Deceased. DAVID C. ANCHIN, Appellant; ROSE SELBY, Respondent.

Third Department, July 19, 1962.

*Kadel, Wilson & Potts* (*Samuel Gottlieb* of counsel), for appellant.

*Krause, Hirsch, Gross & Heilpern* (*George J. Hirsch* of counsel), for respondent.

*Morris, Dillon & Schrade* (*Edward G. Dillon* of counsel), for Elynor M. Dix, *amicus curiæ.*

*Per Curiam.* In this contest the Surrogate submitted to the jury seven framed issues. The first three dealt only with the manual signature and execution. The fourth dealt with mental competency. The last three dealt with undue influence, fraud and restraint. The Surrogate directed the jury to answer the first three framed issues in the affirmative. The record justifies this ruling because there is no dispute about the physical signature in the presence of witnesses.

Framed issue No. 5 reads: " At the time when he subscribed the paper for probate, did the said Monroe L. Dix do so voluntarily and was he free from restraint? "

Framed issue No. 6 reads: " Was the execution by Monroe L. Dix of said paper offered for probate caused or procured by the undue influence of David C. Anchin or of any other person or persons? "

Framed issue No. 7 reads: " Was the execution by Monroe L. Dix of the said paper offered for probate caused or procured by the fraud of David C. Anchin or any other person or persons? "

The words " or any other person or persons " included in each of the above-quoted issues Nos. 6 and 7 and which the jury answered " Yes " does not permit proper judicial review because there is nothing in the record to indicate what " person " or " persons " the jury found exercised influence or fraud. For that reason alone it would require a new trial. However, we are satisfied that, despite some suspicious circumstances, the record does not establish any fraud or undue influence at the time of the execution of the document. The verdict insofar as to the answers to framed issues Nos. 5, 6 and 7 should be reversed as against the weight of evidence.

However, the jury's verdict as to issue No. 4, relating to mental competency, is overwhelmingly established by evidence that the decedent was too ill, physically and mentally, to know, realize or comprehend the contents of the complicated 15-page document which he signed.

The attending physician and nurses who observed decedent frequently testified that he was not only very ill and incontinent, but was unable to answer the simplest question or " do anything ". The attending physician told the draftsman of the document the day before it was executed that the patient was too ill to sign anything. Much is made of the fact that the same doctor told the draftsman that his patient, without sedatives, would be able to sign a will. The same doctor was a subscribing witness, but he refused to sign a Surrogate's form that the subscriber to the document was of sound mind and memory. At the trial he testified that what he meant was that his call indicated only that the man could physically sign his name. He assumed that the document was thoroughly familiar to the patient before he became critically ill. He did not know what the record now discloses that his patient had never seen the document or given any direct instructions to the draftsman until the moment that he signed it. Upon learning that his patient had never seen the document with its complications he testified positively that the patient could not possibly understand the complicated terms.

The subscriber had made a previous will three months before in which will no immediate and direct bequest was made to Mr. Anchin. Anchin prepared the notes to have the questioned document drafted in which he did get immediate outright bequests. The evidence demonstrates that the subscriber was too ill to understand the impact of his act.

The decree should be modified by reversing the verdict of the jury as to framed issues Nos. 5, 6 and 7, and as so modified should be affirmed, with costs to all parties filing briefs payable from the estate.

Coon, J. P., Gibson, Herlihy and Reynolds, JJ., concur.

Decree modified by reversing the verdict of the jury as to framed issues Nos. 5, 6 and 7, and as so modified, affirmed, with costs to all parties filing briefs payable from the estate.