■ In the Matter of the Estate of CALOGERA MATTEO, Also Known as LILLIE MATTEO, Deceased. CARMINE MATTEO, Appellant; WILLIAM P. MATTEO, Respondent.—In a contested probate proceeding, the appeal is from a decree of the Surrogate's Court, Queens County (Laurino, S.), dated December 19, 1985, which, upon a jury verdict, inter alia, denied admission of the will to probate.

Ordered that the decree is modified, on the law, by deleting the first and fourth decretal paragraphs thereof; as so modified, the decree is affirmed, with costs to the respondent payable by the appellant.

We agree with the proponent's contentions that the uncontradicted testimony of the subscribing witnesses with regard to the execution of the will sufficed to establish compliance with the statutory requirements of due execution (see, EPTL 3-

2.1; *Matter of Collins,* 60 NY2d 466; *Matter of Hepburn,* 114 AD2d 455), and that the fourth decretal paragraph pertaining to fraud, deceit and undue influence must be deleted due to the submission of an improperly worded interrogatory which precludes intelligent judicial review of those issues *(see, e.g., Matter of Dix,* 17 AD2d 42, *affd* 13 NY2d 846; *see also, Davis v Caldwell,* 54 NY2d 176; *Mertsaris v 73rd Corp.,* 105 AD2d 67).

However, the evidence adduced by the objectant with respect to the testatrix's deteriorating physical and mental condition prior to the execution of the instrument, when combined with the testimony of the nurse who attended the testatrix on the night of execution, clearly sufficed to raise a sharp factual dispute with respect to the issue of testamentary capacity *(see, e.g., Matter of Kaplan,* 50 AD2d 429, *affd* 41 NY2d 870; *Matter of Flynn,* 71 AD2d 891; *Matter of Etoll,* 30 AD2d 224). In view of this proof, it cannot be said that the jury's finding that the testatrix lacked testamentary capacity at the time of the execution of the will is against the weight of the credible evidence *(see, Matter of Collins,* 124 AD2d 48; *Matter of Slade,* 106 AD2d 914; *Matter of Duryee,* 100 AD2d 549). Likewise, adequate evidence was presented to sustain the jury's conclusion that the testatrix acted under restraint in executing the will. While the evidence supporting the finding of restraint also sufficed to create a jury issue with regard to the objectant's claims of fraud, deceit and undue influence *(see generally, Matter of Collins, supra; Matter of Burke,* 82 AD2d 260), we do not review the findings with respect to those issues due to the submission of the aforementioned erroneous interrogatory to the jury.

Additionally, the Surrogate's charge with respect to the evaluation and probative value of deposition testimony was proper *(see,* PJI 1:25, 1:94), and we discern no error in the admission of that testimony into evidence under the circumstances of this case *(see,* CPLR 3117 [a] [3] [iv], [v]).

Finally, we observe that the appendix filed by the proponent on this appeal is grossly inadequate due to the omission of "such parts of the record on appeal as are necessary to consider the questions involved" (CPLR 5528 [a] [5]). While we have, in any event, undertaken a thorough review of the entire record in resolving the instant parties' contentions, we remind the proponent's counsel and members of the Bar in general that the failure to comply with the requirements of CPLR 5528 (a) (5) will not be countenanced in the future and may result in the dismissal of appeals under appropriate

circumstances. Brown, J. P., Rubin, Kooper and Sullivan, JJ., concur.