■ MARINE MIDLAND BANK, N. A., as Successor in Interest to MARINE MIDLAND BANK EASTERN NATIONAL ASSOCIATION, Respondent, v BULLARD ORCHARDS, INC., et al., Appellants, et al., Defendants.—Yesawich, Jr., J.

A mortgage plaintiff holds, taken in 1971 upon the property of defendant Bullard Orchards, Inc. (hereinafter The Orchards), is guaranteed by defendants T. David Bullard and Linda C. Bullard. On March 7, 1986, following The Orchards' failure to pay three consecutive quarterly installments totaling over $8,500, plaintiff declared due and payable by March 21, 1986 the entire unpaid principal balance, together with interest and late charges, totaling approximately $55,000.

As a result of telephone conversations involving counsel for The Orchards and the Bullards (hereinafter collectively referred to as defendants), an attorney representing a principal in a limited partnership formed to infuse capital into The Orchards, and plaintiff's vice-president, an oral agreement was struck and then implemented on March 24, 1986, when The Orchards conveyed $10,000 to plaintiff's counsel. Resolution of this litigation hinges on the terms of that agreement. Since those terms are sharply disputed, summary judgment is inappropriate.

Plaintiff's vice-president and its counsel aver that it was orally agreed, among other things, that if an escrow deposit of $10,000 was made on March 24, 1986, plaintiff would withhold commencement of legal proceedings pending satisfaction of the subject mortgage, together with related expenses, on or before April 10, 1986. On the other hand, defendants, their counsel and the attorney for the limited partnership all attest

that it was understood the $10,000 was paid to cure the outstanding delinquency and that thereafter The Orchards would resume making its regular quarterly payments. Although not explicitly articulated, defendants presumably contend that plaintiff orally waived its right to foreclose or that, in the interest of fairness, it should be estopped from enforcing foreclosure (see, Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 183-185). Correspondence contained in the record does tend to support plaintiff's version of the agreement. When read in conjunction with defendants' affidavits, however, it is not so completely free of ambiguity as to justify the drastic remedy of summary judgment.

Order reversed, on the law, without costs, and motion denied. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.