■ RIVER BANK AMERICA, Appellant, v DANIEL EQUITIES CORPORATION et al., Respondents, et al., Defendants. [624 NYS2d 287] —Casey, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from that part of an order of the Supreme Court (Donovan, J.), entered April 2, 1993 in Westchester County, which denied plaintiff's motion for summary judgment.

Plaintiff commenced this action to foreclose on two mortgages, alleging that the mortgagor, defendant Daniel Equities Corporation, was in default under the terms of the mortgage for failure to make certain interest payments and for failure to remove two notices of pendency and a mechanic's lien filed against the mortgaged premises. In addition to foreclosure and sale of the mortgaged premises, plaintiff's complaint seeks a judgment for the deficiency, if any, against the mortgagor and the individual defendants (hereinafter collectively referred to as defendants) who executed personal guarantees for the loans secured by the mortgages. Defendants' answer asserts plaintiff's unclean hands and unconscionable conduct as affirmative defenses.

Plaintiff moved for summary judgment, supported by evidence of the nonpayment of interest required by the terms of the mortgage and the existence of the notices of pendency and mechanic's lien filed against the mortgaged premises. In opposition to plaintiff's motion, defendants allege that since the inception of the mortgage loans in 1989, plaintiff had paid the required monthly interest to itself out of an interest reserve account and that, despite the existence of sufficient funds in the interest reserve account, plaintiff unilaterally stopped this practice in September 1991, and in December 1991 plaintiff declared the mortgagor in default for the mortgagor's failure to make the interest payments due in October, November and December 1991. As to the second ground for default claimed by plaintiff, defendants assert that there were no valid liens against the property. Supreme Court denied the motion, resulting in this appeal by plaintiff.

Plaintiff contends that defendants' allegations concerning the interest reserve account are mere conclusions unsupported by evidentiary proof and, therefore, insufficient to defeat the motion for summary judgment. "The rule with respect to defeating a motion for summary judgment, however, is more flexible, for the opposing party, as contrasted with the movant, may be permitted to demonstrate acceptable excuse for his failure to meet the strict requirement of tender in admissible form" *(Zuckerman v City of New York,* 49 NY2d 557, 562 [citations omitted]). It is undisputed that evidence concerning the existence of the interest reserve account and plaintiff's conduct in relation thereto is exclusively within the possession of plaintiff and that disclosure on this issue is pending in another action between plaintiff and the mortgagor. In these circumstances, there is an adequate excuse for defendants' failure to submit evidentiary proof in admissible form *(see,* CPLR 3212 [f]).

Plaintiff also contends that defendants' allegations concerning the interest reserve account are insufficient as a matter of law to defeat plaintiff's motion because the allegations, even if true, do not constitute a valid defense. According to plaintiff, it had the absolute right to insist on compliance with the mortgage documents which require that the mortgagor pay the interest when due. It is well established that a mortgagor is bound by the terms of the mortgage and cannot be relieved from a default in the absence of waiver by the mortgagee, estoppel, bad faith, fraud, or oppressive or unconscionable conduct by the mortgagee *(see, Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 183). It is also well established that implicit in all contracts is an implied covenant of fair dealing and good faith *(see, Van Valkenburgh, Nooger & Neville v Hayden Publ. Co.,* 30 NY2d 34, 45, *cert denied* 409 US 875). We are of the view that questions concerning plaintiff's conduct in relation to the interest reserve account, the mortgagor's reliance thereon and the manner in which plaintiff declared a default are relevant to the equitable principles which would relieve the mortgagor from its default *(see, Nassau Trust Co. v Montrose Concrete Prods. Corp., supra; Marine Midland Bank v Bullard Orchards,* 140 AD2d 870).

As to the second ground for default alleged by plaintiff, defendants' allegations clearly call into question the validity of the liens alleged by plaintiff. We reject plaintiff's argument that the mortgage documents should be interpreted as creating a default upon the mortgagee's failure to pay a mechanic's lien within 30 days of its filing, regardless of whether the lien

is valid. Plaintiff also contends that it is entitled to summary judgment regardless of the validity of the liens because the mortgage documents provide for default upon the mortgagor's failure to pay lawful claims when due which, if unpaid, *might* result in a lien on the mortgaged property. In support of its motion, however, plaintiff submitted no evidentiary proof in admissible form to demonstrate that any particular lawful claims are due and unpaid. Evidence of the notices of pendency and the expired mechanic's lien are, in our view, insufficient to establish a lawful existing claim.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.