■ THOMAS J. CULLEN, SR., Individually and as Father and Guardian of THOMAS J. CULLEN, JR., an Infant, Appellant, v

LAKE PLACID VACATION CORPORATION et al., Respondents, et al., Defendant. [633 NYS2d 873] —Crew III, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered July 28, 1994 in Essex County, which granted a motion by defendants Lake Placid Vacation Corporation and Holiday Inns, Inc. for summary judgment dismissing the complaint against them.

In May 1989, Thomas J. Cullen, Jr. (hereinafter the infant) and some of his friends were leaving the Grandview Holiday Inn (hereinafter the Inn) in the Village of Lake Placid, Essex County, when they decided to run down the hill from the Inn to the parking lot where their chaperon's car was parked. As the infant neared the bottom of the hill, he slipped on the grass, fell and went over the stone retaining wall and landed in the parking lot, as the result of which he fractured his right leg.

Plaintiff, the infant's father, thereafter commenced this action against, among others, defendants Lake Placid Vacation Corporation and Holiday Inns, Inc. (hereinafter collectively referred to as defendants). Following discovery, defendants moved for summary judgment dismissing the complaint against them. Supreme Court granted defendants' motion and this appeal by plaintiff followed.*

We affirm. Initially, we note that the uncontroverted evidence establishes that defendants did not own, occupy or control the property where the allegedly dangerous or defective condition existed and, as such, cannot be held liable for the injuries that occurred (see, Turrisi v Ponderosa, Inc., 179 AD2d 956, 957-958). Moreover, with regard to plaintiff's claim that defendants should have erected some sort of barrier at the top of the hill, we previously have held that "[p]roperty owners need not enclose natural geographical phenomena which present open and obvious, in contrast to latent, dangers" (Casela v City of Troy, 161 AD2d 991).

Mercure, J. P., White and Peters, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Although plaintiff's notice of appeal appears to be premature, we will exercise our discretion and treat such notice as valid (see, Matter of Charles BB., 179 AD2d 904, 905).