■ BANK OF NEW YORK, Respondent, v SPRING GLEN ASSOCIATES et al., Appellants. [635 NYS2d 781] —Yesawich Jr., J. Appeal from that part of an order of the Supreme Court (Williams, J.), entered January 27, 1995 in Sullivan County, which partially granted plaintiff's motion for summary judgment on the issue of liability and denied defendants' cross motion to dismiss the complaint.

Defendant Spring Glen Associates (hereinafter Spring Glen) is the owner of real property in Sullivan County. Davidman's Homowack Lodge, a resort hotel operated by defendant Homowack Lodge, Inc. (hereinafter Homowack), is located on the property. In 1990, Barclays Bank of New York (hereinafter the bank), plaintiff's predecessor in interest, from which Spring Glen had previously borrowed $3,500,000, agreed to lend it additional funds, bringing the total principal owed to $4,020,911.34. Repayment of this amount was secured by a mortgage on Spring Glen's property, and was guaranteed in full by Homowack. In addition, defendant Paul Davidman (hereinafter Davidman) and Samuel H. Davidman (hereinafter decedent) each executed a personal guarantee of payment, with their obligations thereunder not to exceed $2,500,000 in the aggregate.

The preprinted guarantee forms provided that if the guarantor died or became insolvent, the underlying obligation would become due and payable immediately. Due to decedent's age and declining health, however, the individual guarantees were modified to state that upon the guarantor's death, the estate would be afforded a reasonable time to make payment, and would also have an opportunity to prevent the acceleration of the loan, by furnishing a substitute guarantor who was "reasonably acceptable to the Bank". Decedent died in November 1993 and the executors (Davidman and his brother Mark Davidman) proffered the estate as a substitute guarantor, but plaintiff rejected this offer. Plaintiff contends that no other substitute was proposed; defendants claim they sought to negotiate with respect to finding a mutually acceptable guarantor, but that their efforts were thwarted by this suit which was commenced while negotiations were still underway. Defendants also aver that in the course of negotiations, plaintiff's representative, Joseph Fazio, informed them that the bank would have greater flexibility to restructure the loan if it were in default, and that they temporarily ceased making payments in reliance on this representation. It is undisputed that the loan is in default, as a result of defendants' failure to pay principal and interest when due.

Negotiations proceeded, but were not fruitful, and plaintiff commenced this action to recover, *inter alia*, the balance due ($3,601,151.87), plus interest. Defendants assert a variety of defenses and counterclaims, the latter not being at issue on this appeal. Although discovery has not yet been had, Supreme Court granted plaintiff's motion for summary judgment on the matter of liability and denied defendants' cross motion to dismiss the complaint. In so doing, the court rejected defendants' contentions that plaintiff must foreclose on the collateral before proceeding against the guarantors for any deficiency, that defendants' detrimental reliance on Fazio's oral statements, and on billing notices indicating that only the regular monthly payments were due, estop plaintiff from accelerating the loan, and that questions of fact with respect to, among other things, the reasonableness of plaintiff's rejection of the estate as a substitute guarantor preclude summary judgment. Defendants appeal.

We agree with Supreme Court that plaintiff is not required, in this instance, to foreclose on the mortgaged property before commencing an action against the guarantors for repayment of the underlying debt. As plaintiff aptly notes, the language found in *Continental Bank & Trust Co. v Chemical Bank &*

*Trust Co.* (51 NYS2d 903, *affd* 268 App Div 858), which seems to mandate that foreclosure be pursued before bringing an action of this type when one or more of the guarantors are deceased, is merely dictum. More importantly, the guarantee in dispute in that case contained no language expressly relieving the creditor of any obligation to proceed against the collateral prior to seeking repayment from the guarantors, as is the case here.

Each of the guarantees signed by defendants states that the "Bank shall not be liable for failure to collect or realize upon Obligations or upon Collateral Security, or any part thereof, or for any delay in so doing, nor shall Bank be under any obligation to take any action whatsoever with regard thereto". This language reflects an unconditional guarantee of payment, and establishes that plaintiff is under no obligation to pursue other remedies prior to commencing an action against the guarantors (*see, Milliken & Co. v Stewart*, 182 AD2d 385, 386-387). Neither the holding in *Continental Bank & Trust Co. v Chemical Bank & Trust Co.* (*supra*), nor the dictum relied upon by defendants, provides any basis for ignoring the plain language of the agreements in question, particularly where, as here, they were executed at a time when the parties clearly contemplated the possibility that one or more of the guarantors would die before the loan matured. Nor is there any merit to defendants' argument that foreclosure is required by EPTL 3-3.6, for that statute only applies when the collateral was owned by the decedent, and thus passes through his or her estate (*cf., Seamen's Bank v Smadbeck*, 293 NY 91, 96 [construing Real Property Law § 250, predecessor to EPTL 3-3.6]). Accordingly, defendants' motion to dismiss the complaint was properly denied.

With respect to plaintiff's motion for summary judgment, we find that Supreme Court rightly rejected defendants' contention that plaintiff "caused" them to default, because they did so in reliance upon Fazio's suggestion that to do so would facilitate restructuring or other negotiation. Even if this representation could be construed as an assurance that plaintiff would not pursue its contractual remedies if Fazio's "advice" were followed, defendants' estoppel argument is unavailing as they could not have justifiably relied on such an assurance, given the express language in the guarantees declaring that no modification or waiver of their terms—including plaintiff's right to accelerate the loan and demand immediate payment in the event of a default—can be brought about except by a signed writing (*see, Chadirjian v Kanian*, 123 AD2d 596, 597;

*Manufacturers Hanover Trust Co. v Trans Natl. Communications*, 36 AD2d 709, 710). Furthermore, the consequences of defendants' conscious decision to follow Fazio's advice cannot be likened to a situation where a default flows directly from the bank's actions, as in *Canterbury Realty & Equip. Corp. v Poughkeepsie Sav. Bank* (135 AD2d 102). Defendants' argument that the bills they received estop plaintiff from accelerating the debt is also meritless.

Nor did Supreme Court err in finding, as a matter of law, that plaintiff acted reasonably in refusing to accept decedent's estate as a "substitute guarantor". Inasmuch as the estate would be bound by the guarantee in any event, the added provision, staying acceleration on the condition that a substitution is achieved, can only be interpreted as requiring that a different entity, separate and apart from the estate, be substituted therefor. Were the estate an acceptable replacement, there would be no reason to automatically accelerate the debt upon a guarantor's death. Moreover, plaintiff's stated reasons for refusing the estate as a guarantor (e.g., that the estate is not an ongoing entity, but a liquidating one, whose assets are not subject to its control, but to that of Surrogate's Court) are persuasive.

When the record is viewed in the light most favorable to plaintiff, however, as it must be, material questions of fact do remain with regard to whether plaintiff breached the agreement by failing to allow the estate a reasonable time to make payment or to identify an acceptable substitute guarantor. And, in view of defendants' averments that their offers to continue making monthly payments and to pay the delinquent taxes were spurned, and that this action was brought while the parties were engaged in negotiations over finding a substitute guarantor or restructuring the loan, plaintiff's hasty commencement of this action, just five months after decedent's death, taken together with Fazio's alleged statements inducing defendants to default in payment, at least raises a question as to whether plaintiff met its obligation to deal in good faith (*see, River Bank Am. v Daniel Equities Corp.*, 213 AD2d 929, 931). Resolution of these questions being impossible on the record as it stands, summary judgment is inappropriate.

Mikoll, J. P., and Spain, JJ., concur.

Casey, J. (dissenting). We would affirm Supreme Court's order and, therefore, we respectfully dissent. The majority concludes that the loan is in default as a result of defendants' failure to pay principal and interest when due. The majority also concludes that there is no merit in defendants' claim that

the default was induced by plaintiff. We agree with these conclusions and, based thereon, it is our view that plaintiff is entitled to summary judgment on the liability issue. Defendants' claims based upon plaintiff's alleged conduct with regard to an acceptable substitute guarantor relate to plaintiff's right to accelerate the loan upon the death of one of the original guarantors. That right is separate and distinct from plaintiff's rights arising out of a default based upon defendants' failure to pay principal and interest when due. Regardless of whether plaintiff's conduct precludes it from accelerating the loan because of the death of one of the guarantors, the loan remains in default as a result of defendants' failure to pay principal and interest when due. Based upon the undisputed default, plaintiff is entitled to summary judgment on the liability issue.

Crew III, J., concurs. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially granted plaintiff's motion on the issue of liability; said motion denied; and, as so modified, affirmed.