■ 192 SHERIDAN CORPORATION, Appellant, v MICHAEL J. O'BRIEN, JR., et al., Respondents, et al., Defendants. [676 NYS2d 351] —Mikoll, J. P. Appeal from an order of the Supreme Court (Keegan, J.), entered January 7, 1998 in Albany County, which, *inter alia*, denied plaintiff's motion for summary judgment.

In December 1988, defendants Michael J. O'Brien, Jr., Daniel C. O'Brien, Bruce D. MacAffer, Bruce E. Backer and Ronald H.

Backer formed a partnership for the purpose of owning and managing real estate. This action involves property owned by the partners containing a parking lot, a two-family residence and commercial premises (hereinafter the partnership property). In December 1988, the partners executed a note and mortgage in the amount of $120,000 to Home and City Savings Bank with the partnership property as security therefor. Management of the partnership property was entrusted to Bruce Backer and Ronald Backer.

In January 1995, the Backers commenced an action against their copartners, Michael O'Brien, Daniel O'Brien and Bruce MacAffer (hereinafter collectively referred to as defendants), alleging that the partnership had experienced an operating loss with respect to its property and that defendants had failed to contribute their *pro rata* share of the loss to the partnership. The Backers sought as relief, *inter alia*, expulsion of defendants from the partnership and the filing of a deed to the property in the name of the Backers only. In their answer, defendants alleged that the Backers had breached their fiduciary duties to the partnership and were thus estopped from relief.

On February 29, 1996, the $120,000 note and mortgage executed by the partners in 1988 was assigned to plaintiff. Twelve days later, on March 12, 1996, plaintiff commenced this action in foreclosure alleging default under the terms of the note and mortgage. Although the foreclosure action named, *inter alia*, all five original partners, the Backers did not file an answer. Defendants answered, alleging, *inter alia*, that the Backers were the principal shareholders of plaintiff, that the Backers breached their fiduciary relationship to their partners by mismanaging the property and intentionally causing the mortgage to be in default, and were attempting to wrongfully oust them from the partnership and their equity interest in the real property by obtaining the assignment of the original mortgage which they had intentionally permitted to become in default for the purpose of initiating the foreclosure action.

Plaintiff moved for summary judgment in the foreclosure action and defendants cross-moved to consolidate same with the action commenced in January 1995. Supreme Court denied plaintiff's motion for summary judgment and granted defendants' cross motion to consolidate. We affirm.

While plaintiff accurately contends that it presented a prima facie case of entitlement to summary judgment by establishing existence of the unpaid note and mortgage and default thereon, defendants clearly established the existence of triable issues of

fact to vitiate plaintiff's entitlement to the relief sought. It is well settled that "bad faith, fraud, or oppressive or unconscionable conduct by the mortgagee" will operate to relieve a default (*River Bank Am. v Daniel Equities Corp.*, 213 AD2d 929, 930). Michael O'Brien's affidavit, expressly referenced by Supreme Court in its decision on the motions, alleges facts which, if proven, would relieve defendants of the default. These include claims that (1) the Backers, as general managers of the partnership's operations, paid themselves excessive management fees, failed to account to their copartners for the property's income and expenses, and purposefully caused the default on the original note and mortgage, and (2) plaintiff, whose sole officer is the wife of Bruce Backer, is a shell corporation serving only to facilitate the Backers' plan to oust defendants from the partnership and acquire their interest in its real property by acquiring and foreclosing upon the mortgage whose default the Backers precipitated for that purpose.

Plaintiff further contends that Supreme Court abused its discretion in granting the motion to consolidate both actions. We disagree. Common to both actions are questions concerning the partnership agreement and the Backers' alleged mismanagement of the partnership property and breach of fiduciary duties. Implicated in the resolution of these questions are those concerning the circumstances under which the mortgage was assigned and the status of the Backers as shareholders of plaintiff-assignee. Plaintiff has failed to demonstrate prejudice to a substantial right so as to warrant denial of the motion to consolidate (*see, Cushing v Cushing*, 85 AD2d 809).

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.