■ PUTNAM COUNTY NATIONAL BANK OF CARMEL, Respondent, v ELIZABETH DOWNS, Appellant, et al., Defendants. [681 NYS2d 56] —In an action to foreclose a mortgage, the defendant Elizabeth Downs appeals from (1) an order of the Supreme Court, Putnam County (Hickman, J.), dated October 21, 1997, which, upon renewal and reargument, granted the plaintiff's motion for summary judgment, (2) an order of the same court, dated November 12, 1997, which granted the plaintiff's motion to appoint a Referee to compute the amount due to the plaintiff, and (3) a judgment of the same court, dated January 12, 1998, which, *inter alia,* confirmed the Referee's report and is in favor of the plaintiff and against her.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The appellant presented no evidence that the plaintiff was aware that at the time its attorney, John Porco, was acting as its agent in a foreclosure action on her property, he was also acting as the private attorney for a couple in their negotiations to purchase the same piece of property. The appellant's allega-

tion that Mr. Porco used the knowledge he acquired as the plaintiff's attorney to advise the couple that they could obtain her property at the foreclosure sale for less than the original $600,000 negotiated price is mere speculation, as is her suggestion that even if Mr. Porco had misbehaved in this fashion, his "unclean hands" could be attributed to the plaintiff. Accordingly, under the circumstances, summary judgment was properly granted to the plaintiff (*see, e.g., Blueberry Investors Co. v Ilana Realty,* 184 AD2d 906, 907; *see also, Mahopac Natl. Bank v Baisley,* 244 AD2d 466; *North Fork Bank v Hamptons Mist Mgt. Corp.,* 225 AD2d 596; *cf., River Bank Am. v Daniel Equities Corp.,* 213 AD2d 929). O'Brien, J. P., Joy, Friedmann and Goldstein, JJ., concur.