■ FIRST UNION NATIONAL BANK, Formerly Known as FIRST FIDELITY BANK, N. A., NEW YORK, Respondent, v HUGH E. WESTON et al., Appellants, et al., Defendants. [689 NYS2d 543] —Cardona, P. J. Appeal from an order of the Supreme Court (Bradley, J.), entered February 4, 1998 in Ulster County, which, *inter alia*, granted plaintiff's motion for summary judgment.

In December 1993, defendants Hugh E. Weston and Diane L. Weston obtained a loan from Mid-Hudson Savings Bank FSB, plaintiff's predecessor in interest, in the amount of $92,500 for the purpose of constructing a home. In connection therewith, the Westons executed a mortgage note and Hugh Weston executed a building loan agreement and mortgage pledging the property to be improved as collateral. The terms of the building loan agreement provided, *inter alia*, that the Westons would be in default "[i]f at the time any advance is about to be made an examination of the legal title of the Property is not satisfactory to the Bank's attorney". The maturity date of the loan was June 1, 1994 which was subsequently extended to September 1, 1994.

In November 1994, a mechanic's lien in the amount of $18,564.75 was filed against the property. In May 1995, plaintiff sent the Westons a written notice of default demand-

ing that the entire balance of the loan plus interest, amounting to $60,725, be paid immediately. When payment was not forthcoming, plaintiff commenced this foreclosure action. The Westons, appearing *pro se,* served an answer with counterclaims. Thereafter, the Westons moved for summary judgment dismissing the complaint and for an order directing plaintiff to pay the balance of the construction loan. Supreme Court denied the motion. Plaintiff subsequently moved for summary judgment which Supreme Court granted dismissing the Westons' answer, affirmative defenses and counterclaims, and appointing a Referee. This appeal by the Westons followed.

Initially, while the Westons prematurely filed their notice of appeal from Supreme Court's decision instead of from the order entered thereon, we shall exercise our discretion and treat the notice as valid (*see,* CPLR 5520 [c]; *Stephen v Sico, Inc.,* 237 AD2d 709, n; *Cullen v Lake Placid Vacation Corp.,* 221 AD2d 854, 855, n). Moreover, while there are other procedural irregularities contained in the Westons' *pro se* papers, they do not, in our view, warrant dismissal of the appeal (*see, e.g., Matter of Matteo,* 134 AD2d 261, 262).

Turning to the merits, we conclude that Supreme Court properly granted summary judgment to plaintiff. Where the mortgagee produces the mortgage and unpaid note together with evidence of the mortgagor's default, the mortgagee demonstrates its entitlement to summary judgment in a foreclosure action (*see, Cohen v Colistra,* 233 AD2d 542; *DiNardo v Patcam Serv. Sta.,* 228 AD2d 543; *North Fork Bank v Hamptons Mist Mgt. Corp.,* 225 AD2d 596, 597). It is incumbent upon the mortgagor to come forward with defenses which raise questions of fact (*see, DiNardo v Patcam Serv. Sta., supra,* at 543). Notably, " 'bad faith, fraud, or oppressive or unconscionable conduct by the mortgagee' will operate to relieve a default" (*192 Sheridan Corp. v O'Brien,* 252 AD2d 934, 936, quoting *River Bank Am. v Daniel Equities Corp.,* 213 AD2d 929, 930).

In the instant case, the Westons were in default under the terms of the building loan agreement at the time the foreclosure action was commenced as a mechanic's lien was filed against the property. Although the lien was subsequently removed in April 1996, the Westons were nevertheless still in default under the terms of the note and mortgage because they failed to pay the balance due by the maturity date. As part of their defense, the Westons claim that plaintiff engaged in fraud, negligence and unconscionable conduct. With regard to their fraud claim, the Westons allege that they relied upon the statements of one of plaintiff's employees who represented

plaintiff as "the construction loan experts". While these allegations were not before Supreme Court and are not properly before us, were we to consider them we would find that they do not support a cause of action for fraud. The Westons argue that plaintiff was negligent in approving the loan without requiring them to submit a contract with a bank-approved general contractor and that the contract was unconscionable because it allowed plaintiff to have total control over construction and charged the Westons for an inadequate inspection. The provisions in the mortgage documents giving plaintiff certain rights in regard to the construction were for the benefit of plaintiff, not the Westons. Thus, the Westons' claims of negligence and unconscionability premised upon these provisions and plaintiff's failure to exercise its rights thereunder do not constitute valid defenses to the foreclosure action. Therefore, plaintiff's motion for summary judgment was properly granted.

Crew III, Peters and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.