■ LEONARD J. SANSONE et al., Respondents, v JOSEPH N. CAVALLARO, Appellant. [727 NYS2d 516] —Mugglin, J. Appeal from an order of the Supreme Court (Connor, J.), entered July 1, 1999 in Greene County, which granted plaintiffs' motion for summary judgment.

In June 1997, defendant purchased plaintiffs' motel. One hundred percent of the purchase price was paid by plaintiffs' acceptance of an interest-free mortgage in the principal sum of $97,000. Thereafter, in November 1997, the mortgage was modified to reduce the principal amount to $85,000 and the monthly payment to $643.94. In order to qualify for bank financing to make improvements to the motel, defendant was required to satisfy plaintiffs' mortgage and, to that end, he offered plaintiffs a lump-sum payment of $40,000, later increased to $45,000, but both offers were rejected by plaintiffs.

During the period of time that defendant was attempting to negotiate a lump-sum satisfaction of the mortgage debt, he neglected to make the required monthly payments. As a result, in July 1998, plaintiffs mailed a default and acceleration notice demanding that the mortgage be brought current within 30 days and, if not, payment in full. A second notice of default and acceleration was mailed to defendant in August 1998. In November 1998, when it became evident that his offers of a lump-sum payment were not satisfactory to plaintiffs, but before the commencement of this foreclosure action, defendant tendered to plaintiffs a check for the total unpaid monthly payments. Although plaintiffs retained this payment in escrow, they continued to demand full payment of the mortgage debt, instituted this action and moved for summary judgment. In opposition, defendant claimed that plaintiffs failed to provide him with notice of default and acceleration as required by the mortgage modification agreement, and that his default in the monthly mortgage payments occurred simply because he was anticipating a lump-sum satisfaction of the mortgage debt.

Initially, we observe that "[w]here the mortgagee produces the mortgage and unpaid note together with evidence of the mortgagor's default, the mortgagee demonstrates its entitlement to summary judgment in a foreclosure action * * *. It is [then] incumbent upon the mortgagor to come forward with defenses which raise questions of fact [citations omitted]" (*First Union Natl. Bank v Weston*, 261 AD2d 668, 669). Here, plaintiffs' evidence establishes a prima facie right to judgment and defendant must lay bare proof sufficient to raise genuine triable issues of fact in support of his asserted defenses.

First, defendant contends that issues of fact exist with respect to whether he received the default and acceleration notices from plaintiffs. In the alternative, defendant argues that if it is presumed that he received the notices of default and acceleration, they were invalid because they failed to provide 30 days from the date of the notice in which to cure the default. Neither contention is persuasive. Plaintiffs' evidence establishes appropriate mailing of the required notice, which creates a rebuttable presumption that the intended recipient actually received it (*see, e.g., Nassau Ins. Co. v Murray*, 46 NY2d 828, 829-830; *Sendel v Diskin*, 277 AD2d 757, *lv denied* 96 NY2d 707; *Matter of Rapuzzi v City of New York, Civ. Serv. Commn.*, 161 AD2d 715, 716, *lv denied* 76 NY2d 707). Defendant's simple denial of receipt is insufficient to rebut this presumption of delivery (*see, Law v Benedict*, 197 AD2d 808, 810). Additionally, both notices of default and acceleration clearly gave defendant the required 30-day period in which to cure his default.

Next, defendant contends that since negotiations regarding lump-sum satisfaction of the mortgage debt encompassed a period from May through November 1998, during which he suspended the monthly payments, plaintiffs' failure to take some action with respect to this nonpayment while continuing negotiations establishes either a waiver of the default or that plaintiffs have pursued foreclosure in bad faith. These contentions are without merit. First, the record does not establish continuous negotiations. After plaintiffs' rejection of the initial offer of $40,000, there was a significant hiatus before defendant increased the lump-sum offer to $45,000. During this time, defendant made no payments, nor did he after the second offer was rejected. Further, defendant's argument ignores plaintiffs' service of the notices in July and August 1998. There is no evidence that plaintiffs acquiesced in the suspension of monthly mortgage payments, waived any default with respect thereto or pursued foreclosure in bad faith.

Lastly, we find no evidence to support defendant's claim that the default was inadvertent. Notably, neither the mortgage document nor plaintiffs themselves granted authority to defendant to withhold monthly payments while he attempted to negotiate a steeply discounted payment in full satisfaction of the debt.

Cardona, P. J., Crew III, Spain and Rose, JJ., concur. Ordered that the order is affirmed, with costs.