■ PRISCILLA V. SCHANTZ, Respondent, v JEAN F. O'SULLIVAN, Appellant, et al., Defendants. [731 NYS2d 808] —Spain, J. Appeal from an order of the Supreme Court (Teresi, J.), entered October 4, 2000 in Albany County, which, *inter alia*, granted plaintiff's motion for summary judgment.

Defendant Jean F. O'Sullivan (hereinafter defendant) executed two mortgages—the first dated May 19, 1988 in the principal amount of $31,268 and the second dated March 27, 1991 in the principal amount of $17,645—in favor of attorney Stewart T. Schantz to secure payment for a debt resulting from legal services provided in a matrimonial action. In August 1994, the matrimonial action was settled and a stipulation addressing the payment of defendant's legal fees was incorporated in the judgment of divorce. Schantz eventually brought a motion within the matrimonial action to hold defendant in contempt for failure to pay the legal fees in accordance with the stipulation and defendant cross-moved for an order vacating that part of the judgment of divorce pertaining to the payment of counsel fees. Supreme Court denied relief to both parties, holding that Schantz—as a nonparty to the action—lacked standing to bring the contempt motion and that defendant was bound by the terms of the stipulation. In 1997, defendant commenced an action against Schantz alleging malpractice and that the mortgages were fraudulently induced. Supreme Court summarily dismissed that action. In June 1998, Schantz assigned the mortgages to plaintiff.

Plaintiff commenced this action in February 2000, seeking to foreclose the mortgages. In her answer, defendant asserted numerous affirmative defenses and a counterclaim that the debt secured by the mortgages had been paid in full and that plaintiff failed to provide her with a satisfaction of the mortgages. Supreme Court, *inter alia*, granted plaintiff's motion for summary judgment and ordered foreclosure of the mortgages. Defendant appeals, and we affirm.

" '[W]here the mortgagee produces the mortgage and unpaid

note together with evidence of the mortgagor's default, the mortgagee demonstrates its entitlement to summary judgement in a foreclosure action * * *. It is [then] incumbent upon the mortgagor to come forward with defenses which raise questions of fact' " (*Sansone v Cavallaro*, 284 AD2d 817, 818, quoting *First Union Natl. Bank v Weston*, 261 AD2d 668, 669 [citations omitted]). Here, defendant concedes the existence of the mortgages, and the record clearly demonstrates the existence of an outstanding debt of $77,176.86 for legal services as of the date of the matrimonial settlement. In the course of settling the matrimonial action, Schantz agreed to reduce the outstanding debt owed to him by $20,000 on the condition that $30,000 due to defendant under the terms of the settlement be paid to him and that defendant would pay the balance of her bill ($47,176.86 less the agreed reduction of $20,000 or $27,176.86) within 90 days of the settlement agreement. Thus, the judgment of divorce states that "[defendant] is hereby directed to pay to her attorney * * * the difference between the outstanding balance of his bill as reduced by $20,000 and the $30,000 payment to be made by [defendant's spouse], in full, within 90 days from August 17th, 1994." Defendant agreed to the foregoing provision without any objection and indicated her full understanding. At no point has defendant disputed the validity of the amount of the outstanding debt, nor does she contest the fact that she did not satisfy this debt within the period for payment required under the mortgages. Significantly, defendant made no payment to Schantz following entry of the judgment of divorce. Thus, Supreme Court properly granted summary judgment to plaintiff as no triable issue of fact remains regarding the existence of the mortgage debt and defendant's default.

We also reject defendant's argument that the first mortgage was satisfied because she paid Schantz legal fees in excess of the amount secured by that mortgage. The language of the first mortgage clearly indicates that it granted the mortgagee a "continuing security for the payment when due of all debt" including "debt that is now due or may be due in the future." Thus, the mortgage was not extinguished by payment in excess of the amount secured, but rather secures the mortgagee as to no greater sum than that amount at any one time (*see, State Bank of Albany v Fioravanti*, 51 NY2d 638, 645). Accordingly, defendant is not entitled to summary judgment on her counterclaim that the first mortgage was satisfied.

Defendant's remaining arguments that the instant action violates the prohibition against foreclosure by an attorney on a

client's primary residence\* and that Supreme Court lacked subject matter jurisdiction because the assignment of the mortgages was in violation of the bankruptcy law, are either unpreserved for our review or without merit.

Crew III, J. P., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.

---

\* Although plaintiff's actions would now clearly violate the ethical rules governing matrimonial attorneys in this State, the retainer agreement at issue here was entered into seven years prior to the effective date of the applicable rule (*see*, 22 NYCRR 1400.5 [b] [eff Nov. 30, 1993]).