■ Priscilla V. Schantz, Respondent, v Jean O'Sullivan, Appellant, et al., Defendants. [756 NYS2d 313] —Spain, J. Appeal

from an order of the Supreme Court (Teresi, J.), entered January 2, 2002 in Albany County, which, inter alia, denied defendant Jean O'Sullivan's motion to direct the Referee to resolve all disputed issues concerning a certain debt.

In a prior appeal in this foreclosure action to recover unpaid legal fees incurred in connection with the matrimonial action of defendant Jean O'Sullivan (hereinafter defendant), defendant appealed an order of Supreme Court entered October 4, 2000 granting summary judgment to plaintiff and ordering foreclosure of two mortgages executed by defendant in favor of attorney Stewart T. Schantz, plaintiff's predecessor in interest (288 AD2d 536). In granting summary judgment to plaintiff, Supreme Court established the existence of a mortgage debt and defendant's default, but referred the matter to a Referee for a hearing on the precise amount due to plaintiff. By order dated and entered November 1, 2001, this Court affirmed the order of Supreme Court, agreeing that no triable issue of fact remained regarding the existence of the mortgage debt and defendant's default (*id.* at 537-538).

Thereafter, in a letter to the parties' attorney, the Referee—having reached the conclusion that this Court had in its affirmance established the principal amount of defendant's debt—proposed limiting the ordered hearing to the issue of whether the note and mortgage require the payment of other amounts, such as interest. Defendant then moved for an order directing the Referee to resolve all disputed issues concerning the amount of debt owed, consistent with Supreme Court's October 4, 2000 order. Plaintiff cross-moved for an order to amend the October 4, 2000 order to the extent of eliminating the provision requiring a hearing before the Referee. By order entered January 2, 2002, Supreme Court agreed with the Referee and plaintiff that our November 1, 2001 affirmance established the principal amount of the debt and, thus, denied defendant's motion and partially granted plaintiff's cross motion, modifying its October 4, 2000 order and directing the Referee to determine only whether the terms of the notes and mortgages require the payments of other amounts, such as interest. Defendant appeals.

In our prior decision we acknowledged that the record—at that juncture—contained support for the claim that the debt as of the date of settlement of the underlying matrimonial action was $77,176.86 and that defendant had not disputed that amount (288 AD2d 536, 537, *supra*). Plaintiff contends that our decision thus established the exact principal amount in that all that was necessary to compute the total amount of debt was to

deduct a $30,000 payment which attorney Schantz admitted receiving, leaving a balance due of $47,176.86. While we now recognize that the language in our decision was susceptible of that interpretation, in actuality we recited the amount claimed and the support in the record for that amount merely to establish the existence of an undisputed debt, which is a necessary element to establishing entitlement to summary judgment in a foreclosure action (*see Sansone v Cavallaro*, 284 AD2d 817, 818). Indeed, our decision affirmed Supreme Court's October 4, 2000 order in its entirety, including the provision calling for a referee to determine the actual amount due to plaintiff. Inasmuch as Supreme Court was operating under the assumption that we had exercised our fact-finding authority and established the principal amount, and because issues of fact may exist as to the exact amount of the debt which are best left to the Referee to resolve in the first instance, Supreme Court's order directing such modification should be reversed.

Crew III, J.P., Carpinello and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, defendant Jean O'Sullivan's motion granted, plaintiff's cross motion denied and the Referee is directed to ascertain the amount said defendant owes plaintiff in accordance with the order of Supreme Court entered October 4, 2000.