MELISSA MORALES et al., Plaintiffs, v JAHANGUIR YAGHOOBIAN, Defendant and Third-Party Plaintiff-Appellant. STATE FARM INSURANCE COMPANIES, Third-Party Defendant-Respondent. [786 NYS2d 562]—

In an action to recover damages for personal injuries, in which a third-party action was commenced for a judgment declaring that State Farm Insurance Companies is obligated to defend and indemnify Jahanguir Yaghoobian in the underlying personal injury action, Jahanguir Yaghoobian appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Dollard, J.), dated December 10, 2003, which denied his motion

for summary judgment, granted the cross motion of State Farm Insurance Companies for summary judgment, and declared that State Farm Insurance Companies is not obligated to defend or indemnify him in the underlying personal injury action.

Ordered that the order and judgment is affirmed, with costs.

In this action to recover damages for injuries caused by lead poisoning allegedly sustained by the infant plaintiff, the defendant landlord, Jahanguir Yaghoobian, commenced a third-party action for a judgment declaring that the third-party defendant, State Farm Insurance Companies (hereinafter State Farm), must defend and indemnify him in the underlying action. Yaghoobian, who held a rental dwelling policy with State Farm since 1985, asserted that he had never received notice that State Farm had added a lead-poisoning exclusion to his policy when it was renewed in late 1997. Yaghoobian moved and State Farm cross-moved for summary judgment in the third-party action. The Supreme Court denied Yaghoobian's motion and granted State Farm's cross motion, finding that State Farm had created a rebuttable presumption that Yaghoobian had received notice of the lead-poisoning exclusion in the renewal certificate mailed to him for the 1997-1998 policy year, as well as in renewal certificates for subsequent policy terms from 1998 to 2001, and that Yaghoobian had not sufficiently rebutted the presumption. We agree.

State Farm submitted sufficient evidence of its mailing policies and procedures to create a rebuttable presumption that it mailed to Yaghoobian notice of a new lead-poisoning exclusion to his rental dwelling policy on September 3, 1997, more than 60 days before the policy's renewal date (see Nassau Ins. Co. v Murray, 46 NY2d 828 [1978]). Yaghoobian's mere denial of receipt of that notice, without more, is insufficient to rebut the presumption (see Nassau Ins. Co. v Murray, supra; Sansone v Cavallaro, 284 AD2d 817 [2001]).

Yaghoobian's remaining contentions either are unpreserved for appellate review or without merit. S. Miller, J.P., Krausman, Mastro and Fisher, JJ., concur.