*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 14, 2016                    522381

_____

CONSOLIDATED MORTGAGE, LLC,
                    Appellant,

      v

WESTPORT GOLF INVESTORS, LLC,
   et al.,
                    Defendants,          MEMORANDUM AND ORDER
      and

JOHN F. HALL et al.,
                    Respondents.

(And a Third-Party Action.)
_____

Calendar Date:  May 25, 2016

Before:  Peters, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.

_____

      Law Office of Louis J. Maione, P.C., New York City (Louis
J. Maione of counsel), for appellant.

      Stanclift, Ludemann, Silvestri & McMorris, PC, Glens Falls
(John M. Silvestri of counsel), for John F. Hall and another,
respondents.

_____

Peters, P.J.

      Appeal from an order of the Supreme Court (Bruening, J.),
entered November 9, 2015 in Essex County, which, among other
things, denied plaintiff's motion for summary judgment.

      Defendant Westport Golf Investors, LLC (hereinafter

Westport) owns and operates a public golf course known as the Westport Country Club (hereinafter the Country Club) located in the Town of Westport, Essex County. Westport's members include, among others, defendant John F. Hall, defendant Rodney E. Edwards, Leslie Hall-Butzer and Como Oil and Propane Company, which is owned by Robert Hall. Robert Hall, Hall-Butzer and John Hall are siblings, and Edwards is John Hall's brother-in-law.

Westport entered into a consolidation, modification and extension agreement with First Niagara Funding, Inc. in July 2009, pursuant to which certain mortgages and notes encumbering the Country Club property were consolidated into a single lien in the amount of $1,500,000, with a maturity date of August 1, 2014. In April 2013, after Westport had failed to make four consecutive monthly payments on the loan, a forbearance agreement was entered into for the stated purpose of allowing Westport time to market the Country Club. Under its terms, Westport acknowledged being in default of the consolidation agreement and agreed to temporarily pay a reduced monthly installment of approximately $5,600 to First Niagara commencing May 1, 2013 through April 1, 2014.

From May 2013 to August 2013, Westport made payments to First Niagara in compliance with the forbearance agreement. In the meantime, on or about June 13, 2013, Robert Hall and Hall-Butzer formed plaintiff, a Florida limited liability company. On August 27, 2013, unbeknown to Westport, plaintiff acquired the notes and mortgages from First Niagara for the sum of $825,000. When Westport tendered the next payment due under the forbearance agreement (hereinafter the September 2013 payment), plaintiff rejected and returned the payment, asserted that Westport was in default of the loan documents and promptly commenced this action to foreclose on the mortgages.

In December 2013, plaintiff moved for summary judgment asserting, among other things, that the forbearance agreement was a nullity. By order entered on February 5, 2014, Supreme Court (Buchanan, J.) denied the motion, concluding that triable questions of fact existed as to the validity of the forbearance agreement and whether plaintiff caused the default by refusing to accept the September 2013 payment tendered by Westport pursuant

to such agreement.  The following month, Westport filed a petition for bankruptcy, resulting in an automatic stay of the instant action (see 11 USC § 362 [a] [1]).  After the stay was lifted for the express purpose of allowing plaintiff to continue this action, plaintiff once again moved for summary judgment, contending that the forbearance agreement, even if valid and enforceable, did not cure Westport's underlying default on the loan.  Supreme Court (Bruening, J.), among other things, denied plaintiff's motion, finding that the arguments raised by plaintiff were, or could have been, made in the previous motion for summary judgment and that, in any event, triable issues of fact existed as to whether plaintiff purposefully caused Westport's default in bad faith.  This appeal by plaintiff ensued.

We affirm.  "Generally, successive motions for summary judgment should not be entertained, absent a showing of newly discovered evidence or other sufficient cause" (MLCFC 2007-9 ACR Master SPE, LLC v Camp Waubeeka, LLC, 123 AD3d 1269, 1271 [2014] [internal quotation marks and citation omitted]; see Green Harbour Homeowners Assn., Inc. v Ermiger, 128 AD3d 1142, 1143 [2015]; Keating v Town of Burke, 105 AD3d 1127, 1128 [2013]).  As Supreme Court noted, plaintiff's second motion for summary judgment raised essentially the same arguments made in the prior motion seeking the same relief, and the developments since the denial of that earlier motion did not constitute "sufficiently new evidence to warrant reconsideration of summary judgment" (Pavlovich v Zimmet, 50 AD3d 1364, 1365 [2008]; see Matter of Bronsky-Graff Orthodontics, P.C., 37 AD3d 946, 947 [2007]).  Absent sufficient cause for advancing the successive motions for summary judgment, plaintiff's application could have been denied on this basis alone.

Furthermore, when the evidence is viewed in the light most favorable to defendants (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]), factual issues remain precluding an award of summary judgment.  Evidence of "bad faith, fraud, or oppressive or unconscionable conduct by the mortgagee will operate to relieve [a] default" (192 Sheridan Corp. v O'Brien, 252 AD2d 934, 936 [1998] [internal quotation marks and citation omitted]; accord First Union Natl. Bank v Weston, 261 AD2d 668,

669 [1999]; see Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 183 [1982]; Citibank, N.A. v Van Brunt Props., LLC, 95 AD3d 1158, 1159 [2012]). "It is also well established that implicit in all contracts is an implied covenant of fair dealing and good faith" (River Bank Am. v Daniel Equities Corp., 213 AD2d 929, 930 [1995] [citation omitted]; see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 153 [2002]; Dalton v Educational Testing Serv., 87 NY2d 384, 389 [1995]), "which encompasses any promises that a reasonable promisee would understand to be included" (New York Univ. v Continental Ins. Co., 87 NY2d 308, 318 [1995]; see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d at 153; Rowe v Great Atl. & Pac. Tea Co., 46 NY2d 62, 69 [1978]).

The submissions in opposition to plaintiff's motion established that plaintiff's soon-to-be member Robert Hall, through Como Oil, attempted to remove John Hall from his position as a general manager of Westport; that, approximately 16 days later, Robert Hall and Hall-Butzer formed plaintiff, which went on to purchase the subject notes from First Niagara at a significantly discounted rate; that plaintiff subsequently rejected the timely September 2013 payment under the forbearance agreement; and that, shortly after rejecting that payment, plaintiff commenced this action to foreclose on the Country Club. The validity of the forbearance agreement is not in dispute, and plaintiff concedes that it is bound by its terms as successor-in-interest to the mortgage and loan documents. While plaintiff accurately points out that, under the terms of the forbearance agreement, First Niagara reserved all of its rights under the mortgage instrument, the express purpose of the forbearance agreement was to provide Westport with a period of time to market the mortgaged property in the hopes of consummating a negotiated (as opposed to a forced) sale, while, at the same time, requiring it to make specified payments on the note. Under these circumstances, it is for a jury to conclude whether plaintiff breached its obligation to act in good faith by surreptitiously purchasing Westport's debt, rejecting Westport's September 2013 payment and claiming a default despite Westport's undisputed compliance with the foreclosure agreement (see Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d at 186-187; Bank of N.Y. v Spring Glen Assoc., 222 AD2d 992, 995 [1995];

River Bank Am. v Daniel Equities Corp., 213 AD2d at 930; compare United Cos. Lending Corp. v Hingos, 283 AD2d 764, 766 [2001]; Credit-Based Asset Servicing & Securitization v Castelli, 275 AD2d 542, 544 [2000]).

Moreover, given plaintiff's conduct – as well as that of its members – and the manner in which it declared a default, we agree with Supreme Court that triable issues of fact exist as to whether plaintiff purposefully caused Westport's default in an attempt to oust Westport of its interest in its real property (see Cassara v Wynn, 55 AD3d 1356, 1356 [2008], appeal and lv dismissed 11 NY3d 919 [2009]; 192 Sheridan Corp. v O'Brien, 252 AD2d at 935-936; River Bank Am. v Daniel Equities Corp., 213 AD2d at 930). While plaintiff is correct when it asserts that Westport made no further payments under the forbearance agreement subsequent to its rejection of the September 2013 payment, this is of little consequence since an action in foreclosure sounds in equity, "and the equities herein compel the conclusion that plaintiff was not entitled to reject tender of payment, then use that rejection as a basis for holding [Westport] in default" (Perla Assoc. v ZLD Realty, 277 AD2d 115, 115 [2000]; see Futterman v Calce, 226 AD2d 306, 307 [1996]; European Am. Bank v Harper, 163 AD2d 458, 460-461 [1990]).

Finally, assuming, without deciding, that Supreme Court erred in permitting counsel for John Hall and Edwards to submit a surreply affidavit on the motion, we find such error, if any, to be harmless inasmuch as the affidavit largely reiterated the assertions made in the prior submissions and provided no new facts or evidence (see Gray v R.L. Best Co., 78 AD3d 1346, 1351 n 4 [2010]).

McCarthy, Egan Jr., Lynch and Devine, JJ., concur.

ORDERED that the order is affirmed, with costs.




ENTER:

Robert D. Mayberger
Clerk of the Court