US Bank N.A. v Narain (2024 NY Slip Op 02611)

US Bank N.A. v Narain

2024 NY Slip Op 02611

Decided on May 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2024

Before: Kern, J.P., Oing, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 35570/14 Appeal No. 2236 Case No. 2023-03499 

[*1]US Bank National Association, etc., Plaintiff-Respondent,
v
Deepwattie Narain et al., Defendants-Appellants, City of New York Environmental Control Board, et al., Defendants.

Lanin Law P.C., New York (Scott L. Lanin of counsel), for appellants.
Friedman Vartolo LLP, New York (Ronald P. Labeck of counsel), for respondent.

Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered June 14, 2023, which granted plaintiff's motion to amend the complaint and denied defendants' cross-motion for summary judgment dismissing the action, unanimously affirmed, without costs.
The court providently granted plaintiff's application to amend the complaint to reflect the accurate date of defendant borrower's default (see CPLR 3012[b]; Oil Heat Inst. of Long Is. Ins. Trust v RMTS Assoc., 4 AD3d 290 [1st Dept 2004]). A judicial determination was made in a prior 2007 foreclosure action that the borrower made payments on the subject loan from June 13, 2008 through August 15, 2008, totaling $16,690.96, which were determined to reinstate the subject loan, resulting in dismissal of that action (see e.g. Federal Natl. Mtge. Assn. v Miller, 123 Misc 2d 431 [Sup Ct, Nassau County 1984]).
As borrower failed to tender any payments thereafter, the court correctly determined that the complaint should be amended to reflect the next payment due, September 1, 2008, as the date of the borrower's default. Moreover, the 2007 action does not serve as a bar to the instant action, which is based upon a new and different default date (see Gelb v Hatton, 128 AD2d 501 [2d Dept 1987]).
The instant action is otherwise timely commenced, and defendants failed to establish entitlement to summary judgment on statute of limitations or other grounds (see CPLR 3212[b]; Olsen v Campbell, 150 AD3d 1460, 1460-1461 [3d Dept 2017]).Although dismissal of an action may not effectuate a de-acceleration of the mortgage, given the judicial determination in the 2007 action, the mortgage was reinstated. Indeed, defendants took that position in another foreclosure action filed in 2013 and should not now be permitted to argue that payments made through August 2008 were insufficient to reinstate the loan (see All Terrain Props. v Hoy, 265 AD2d 87, 93 [1st Dept 2000]).
Accordingly, to the extent that the filing of the 2013 foreclosure action accelerated the loan, the instant action was brought within six years of such acceleration and, therefore, is timely (see CPLR 213[4]; Berdoe v Federal Natl. Mtge. Assn., 211 AD3d 519 [1st Dept 2022]). Even if, as defendants contend, plaintiff rejected the payments made through August 2008, those payments were deemed to have been made and the loan reinstated on that basis (compare Consolidated Mtge., LLC v Westport Golf Invs., LLC, 141 AD3d 923, 926 [3d Dept 2016]).
We have considered defendant's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2024