ZAKRYSCHA HAYES, Plaintiff-Appellant and Counterdefendant-Appellant, v. M AND T MORTGAGE CORPORATION *et al.*, Defendants-Appellees (M and T Mortgage Corporation, Counterplaintiff-Appellee; Custom Home Built Improvement Company *et al.*, Defendants).

First District (3rd Division)    No. 1—07—1063

Opinion filed March 25, 2009.

Brooks Law Firm, of Dolton (Lloyd J. Brooks, of counsel), for appellant.

Noonan & Lieberman, Ltd., of Chicago (Mitchell A. Lieberman, of counsel), for appellee Manufacturers & Traders Trust Company.

Law Offices of Cooper, Storm & Piscopo, of Geneva (Stephen M. Cooper, Peter M. Storm, and Philip J. Piscopo, of counsel), for appellee Old Second Mortgage Company.

JUSTICE COLEMAN delivered the opinion of the court:

Zakryscha Hayes faced default on a federally insured mortgage, filed an action seeking damages for the lender's failure to abide by applicable federal regulations, and also asserted the regulation breach as a basis for dismissal of the lender's foreclosure complaint. Her action was dismissed, her motion for judgment on the foreclosure was denied, and the lender foreclosed on her property. Hayes appeals, contending that her complaint was improperly dismissed, that the lender's foreclosure action should have been dismissed, and that the foreclosure proceeding improperly assessed costs and fees. We affirm.

In July 2001, Hayes received a $288,000 loan from Old Second Mortgage Company for rehabilitation of a Chicago residential property. In accordance with the National Housing Act (12 U.S.C. §1709 (2000)), the mortgage was insured by the Federal Housing Administration (FHA). The Federal Housing Administration's insurance for rehabilitation loans is governed by regulations of the Department of Housing and Urban Development (HUD). In a section captioned "Regulations of HUD Secretary," Hayes' mortgage provided: "In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclosure if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary." The parties' agreement also provided that the majority of the loan funds would be held in escrow and used to pay third-party contractors that performed rehabilitation work on the property. Old Second subsequently transferred Hayes' mortgage note to M&T Mortgage Corporation, but Old Second continued to service the loan.

In October 2002, Hayes filed a complaint seeking resolution of an alleged dispute regarding release of funds from the escrow for payment of a contractor, Custom Home Built Improvement, whose work, according to Hayes, was unsatisfactory. She withdrew that complaint, filed an amended complaint that was stricken for failure to include necessary exhibits, and then filed a second amended complaint. That complaint alleged that Old Second had breached their agreement by failing to follow applicable federal regulations in servicing the loan. The complaint also claimed that Old Second and Custom Home Built Improvement had committed fraud in colluding to ensure that the contractor receive payment for substandard work.

M&T filed a counterclaim for foreclosure on Hayes' mortgage. In response, Hayes filed a combined motion for dismissal of the counterclaim under sections 2—615 and 2—619 of the Code of Civil Procedure (735 ILCS 5/2—615, 2—619 (West 2002)). Her motion asserted that a mortgagee under the FHA-insured program could not

begin foreclosure proceedings without compliance with HUD regulations, and that Old Second and M&T had failed to comply with several applicable provisions.

Old Second and M&T moved to dismiss Hayes' second amended complaint. She conceded to dismissal of her allegations of fraud and conflict of interest regarding the payment to Custom Home, but stood on her breach of contract claim, and the circuit court dismissed her complaint with prejudice.

M&T responded to Hayes' motion to dismiss its complaint for foreclosure with the argument that the complaint stated a claim for relief, and that Hayes' contentions of breaches of HUD regulations could not be resolved by a section 2—615 motion because they were not apparent from the face of the pleadings. M&T also argued that Hayes' section 2—619 motion could not be granted because it was based upon factual allegations unsupported by affidavit. The court denied Hayes' motion to dismiss the foreclosure action and ordered her to answer M&T's complaint. Hayes failed to answer, an order of default was entered, and the court denied Hayes' motion to vacate the default and stay the foreclosure. After the circuit court approved M&T's report of sale, Hayes appealed that order along with the dismissal of her complaint.

Hayes argues that HUD regulations impose upon FHA-insured lenders an obligation to appoint an inspector to supervise the work of contractors, that this obligation was incorporated into her mortgage agreement, and that the lenders' breach of this obligation caused her damages that are legally recoverable. She contends that her allegations of these facts in her second amended complaint properly stated a cause of action and that the complaint was improperly dismissed. We review such contentions on a *de novo* basis. *Doe v. McKay*, 183 Ill. 2d 272, 274 (1998).

Hayes contends that her mortgage agreement's references to HUD regulations made those regulations a part of her agreement with Old Second. As previously noted, the mortgage document provided that "[i]n many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclosure if not paid," and that "[t]his Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary."

These references to HUD regulations fall short of the showing necessary to demonstrate that the parties intended to incorporate the regulations, in their entirety, into their mortgage agreement. To be construed as incorporating an entire second document, a contract must display an intention to completely adopt that document, not

merely require compliance with specified portions. *McWhorter v. Realty World-Star, Inc.*, 171 Ill. App. 3d 588, 592-93 (1988). The provisions cited by Hayes reflect only an acknowledgment that the lender's foreclosure rights under the mortgage are subordinate to applicable HUD regulations; they do not demonstrate an intent to make each loan regulation enforceable under the parties' agreement.

Despite the absence of contractual language showing specific intent to incorporate the HUD regulations into the parties' agreement, Hayes contends that they govern the parties' relationship. Although neither the parties' citations nor our own research in the instant case reveals an Illinois court's review of the issue, other jurisdictions have held that while HUD regulations are intended to govern FHA-insured loan transactions with the force of law, their breach does not create a private cause of action. "[T]he weight of authority around the country roundly rejects the notion that either the N[ational] H[ousing] A[ct] or associated HUD regulations support either direct or implied private causes of action for their violation." *Wells Fargo Home Mortgage, Inc. v. Neal*, 398 Md. 705, 715, 922 A.2d 538, 543-44 (2007).

■ In *Wells Fargo v. Neal*, the Court of Appeals of Maryland held that although breaches of HUD regulations may provide a basis for government enforcement or a defense for a mortgagor in a foreclosure proceeding, they do not create private rights of action: "[T]he regulations enacted pursuant to the NHA were intended to govern the relationship between the mortgagee and the government rather than, as [the mortgagor] would have it, the mortgagee and the mortgagor." 398 Md. at 719, 922 A.2d at 546. "[T]he regulations do not control directly the relationship between the mortgagor and mortgagee and may not be invoked by the mortgagor as a sword in an offensive cause of action against the mortgagee." 398 Md. at 719, 922 A.2d at 546. We find the analysis of the Court of Appeals of Maryland to be persuasive, adopt it in the instant case, and conclude that because the HUD regulations were not specifically incorporated into the contract between the parties, their alleged breach by the lenders did not create a cause of action for Hayes. Accordingly, we conclude that the circuit court did not err in dismissing Hayes' complaint.

Hayes also contends that her assertion of regulatory noncompliance required the circuit court to dismiss M&T's foreclosure action. She correctly notes that despite the widespread rejection of affirmative claims based upon breaches of HUD regulations, breaches of those regulations have been held to be valid defenses in actions for foreclosure. Illinois law recognizes the breach of an applicable HUD regulation as a defense in an action for foreclosure of a federally

insured mortgage. *Bankers Life Co. v. Denton*, 120 Ill. App. 3d 576, 579 (1983).

Hayes pointed to the lenders' failure to comply with HUD regulations in a combined motion under sections 2—615 and 2—619 of the Code of Civil Procedure. 735 ILCS 5/2—615, 2—619 (West 2002). However, neither provision entitled her to dismissal of the foreclosure complaint. The substance required of a complaint for foreclosure is established by the Illinois Mortgage Foreclosure Law, which does not require a claimant to plead compliance with applicable federal regulation to state a claim for relief. 735 ILCS 5/15—1504 (West 2002). The issue of the lenders' compliance with federal regulations was thus an affirmative matter not properly raised as a basis for a section 2—615 motion. *Gilmore v. Stanmar, Inc.*, 261 Ill. App. 3d 651, 654 (1994).

Hayes claimed in her section 2—615 motion that the lenders had failed to comply with HUD regulations, but the motion was not verified and was not accompanied by an affidavit in support of its allegations. When the matter asserted to defeat the complaint is not established by the pleadings themselves, a section 2—619 motion not supported by affidavit is insufficient. *Doe v. Montessori School of Lake Forest*, 287 Ill. App. 3d 289, 295-96 (1997). The trial court's denial of Hayes' motion was thus proper. Hayes had the opportunity to raise the regulation noncompliance issue as an affirmative defense in the answer she was directed to file by the court, but she filed no answer of any kind, and a default order was entered against her. On this record, we cannot conclude that the circuit court's failure to dismiss the foreclosure action was inappropriate.

■ Hayes also argues that the circuit court erroneously granted M&T's request for $34,484.35 in attorney fees for the period following the foreclosure judgment without the presentation of any evidence to support the conclusion that the fees were earned. Additionally, she asserts that the report did not properly credit her for interest that should have been earned on loan funds that the mortgage agreement required to be held in an interest-bearing account before being used to pay contractors.

The record presented for our review does not include M&T's attorney fee request. Although Hayes makes the reasonable assertion that she cannot produce documentary proof of an evidentiary presentation that did not occur, it is clear that M&T, in some form, requested the court's approval of a specific fee total. In the absence of that request, we cannot review its sufficiency and must resolve the doubt created by the inadequacy of the record by affirming the circuit court. *TruServ Corp. v. Ernst & Young LLP*, 376 Ill. App. 3d 218, 226 (2007).

We similarly reject Hayes' claim that the circuit court failed to

properly credit her for interest earned on loan proceeds held in escrow before distribution. This claim focuses on the cost assessments entered by the circuit court in its November 2004 judgment of foreclosure. But the record does not suggest that the foreclosure judgment represented the final accounting of the proceeds of the sale. In March 2007, "on Counter-Plaintiff's motion for the entry of an Order Approving the Report of Sale and Distribution, confirming the sale of the premises," the court ordered "[t]hat the proceeds of the sale be distributed in accordance with the Report of Sale and Distribution." The approved report, which presumably contained the final accounting of the action and the aforementioned request for attorney fees for the period after the foreclosure judgment, is not included in the appellate record. In the absence of that report, we cannot conclude that the final funds distribution adhered to the November 2004 cost assessment, nor can we presume that its approval by the circuit court was erroneous. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

THEIS and QUINN, JJ., concur.