*195 OPINION OF THE COURT
Peter C. Bradstreet, J.
By a notice of motion, affidavit of defendant Rose Teed (defendant) and affirmation of Mark H. Wattenberg, Esq., all dated August 8, 2014, and a reply affirmation of Attorney Wattenberg and reply affidavit of defendant, both dated September 3, 2014, defendant made application for an order dismissing the within foreclosure complaint, denying plaintiff’s request for attorney’s fees and costs, and reinstating defendant’s mortgage. By an affirmation in opposition from Matthew Russell, Esq., dated August 28, 2014, plaintiff opposes defendant’s request for relief.
The underlying action seeks the foreclosure of a mortgage, dated September 29, 2006, executed and delivered by defendant to plaintiff in the principal amount of $58,007. The mortgage is insured by the Federal Housing Administration (FHA), a division of the United States Department of Housing and Urban Development (HUD).
According to the complaint, defendant failed to comply with the terms of the note and mortgage by failing to make her required payments effective August 1, 2013. Defendant resides in the mortgaged premises with her 74-year-old father and her seven-year-old granddaughter. She is employed part time and receives Social Security benefits for herself and public assistance for her granddaughter. Defendant’s father also receives Social Security income.
In her motion, defendant contends that plaintiff violated HUD regulations, which were incorporated into the terms of the FHA insured mortgage, by failing to make reasonable efforts to arrange for a face-to-face meeting with defendant prior to commencing the foreclosure action. Defendant contends the regulations provide that such reasonable efforts include both a letter to the mortgagor and at least one trip to the mortgaged property and she contends no representative of plaintiff ever visited the property.[1] Defendant contends that because compliance with the HUD regulations is a condition precedent to the commencement of a foreclosure action, plaintiff’s failure to fully comply with those regulations is a ground for dismissal of the foreclosure complaint.
*196 Plaintiff contends that it complied with the HUD regulations by sending the letter advising defendant of her right to a face-to-face interview.[2] Plaintiff contends the letter satisfied the HUD regulations and, during oral argument on the motion, counsel for plaintiff contended that a personal visit to the mortgaged property was not required.
The legislative purpose of the National Housing Act (12 USC § 1701 et seq.) is to assist in providing a decent home and a suitable living environment for every American family. (12 USC § 1701t.) The primary beneficiaries of the act, and its implementing regulations, are those receiving assistance through its various housing programs, including HUD insured mortgages. (Bankers Life Co. v Denton, 120 111 App 3d 576, 458 NE2d 203 [3d Dist 1983].) Because these government-insured mortgage loan programs recognize that its mortgagors will often have difficulty making full and timely payments, HUD promulgated very specific regulations outlining the mortgage servicing responsibilities of mortgagees,[3] which include notice requirements that are integral to the program. (Federal Natl. Mtge. Assn. v Moore, 609 F Supp 194 [ND Ill 1985].) These notice requirements insure that financially strapped homeowners will have every opportunity to take informed steps to retain their homes. (Mortgage Assoc., Inc. v Smith, 1986 WL 10384, 1986 US Dist LEXIS 20384 [ND Ill, Sept. 16, 1983, No. 86C1].)
One of these requirements provides that the mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange for such a meeting, before three full monthly installments are unpaid. (24 CFR 203.604 [b].) A reasonable effort is defined as sending a minimum of one certified letter to the mortgagor and making at least one trip to see the mortgagor at the mortgaged property. (24 CFR 203.604 [d].)
Because the regulations provide that before initiating foreclosure, the mortgagee must ensure that all servicing require *197 ments have been met (24 CFR 203.606 [a]), compliance with the appropriate federal regulations is not merely a procedural requirement but is a condition precedent to the imposition of liability. (Mathews v PHH Mtge. Corp., 283 Va 723, 724 SE2d 196 [2012]; United States v Trimble, 86 FRD 435 [SD Fla 1980].) Thus, the failure to comply with the HUD servicing requirements is a complete defense to a mortgage foreclosure action. (Countrywide Home Loans v Wilkerson, 2004 WL 539983, 2004 US Dist LEXIS 4034 [ND Ill, Mar. 12, 2004, No. 03 C 50391].)
In the instant case, plaintiff has provided sufficient proof that it sent to defendant a certified letter informing defendant of her right to have a face-to-face meeting. Although defendant contends that the letter was not sufficient because it was not directly given to defendant and that its contents were confusing with respect to where such a face-to-face meeting would take place, the court finds plaintiff satisfied its responsibilities under the applicable regulations by sending the certified letter.
However, there is no dispute that plaintiff did not make any arrangements to visit the mortgaged property. While plaintiff contends that such a visit is not necessary, the straightforward language of the regulations state otherwise, as they clearly require both the sending of a certified letter and a personal visit to constitute a reasonable effort at arranging a face-to-face meeting. (Countrywide Home Loans v Wilkerson, 2004 WL 539983, 2004 US Dist LEXIS 4034 [ND Ill, Mar. 12, 2004, No. 03 C 50391]; cf. Franklin v BAC Home Loans Servicing, LP, 2012 WL 2679496, 2012 US Dist LEXIS 93719 [ND Tex, June 6, 2012, Civil Action No. 3:10-CV-1174-M]; Manufacturers Hanover Mtge. Corp. v Chicago Tit. & Trust Co., 1985 WL 3617, 1985 US Dist LEXIS 14237 [ND Ill, Nov. 1, 1985, No. 85 C 1772].) Because plaintiff cannot demonstrate that it complied with all of the servicing requirements set forth in the applicable regulations, it failed to satisfy a condition precedent to the accrual of its rights of acceleration and, thus, its foreclosure action cannot be maintained. (Mathews v PHH Mtge. Corp., 283 Va at 736-737, 724 SE2d at 202, 202-203; Wells Fargo Home Mtge., Inc. v Neal, 398 Md 705, 922 A2d 538 [2007]; Hayes v M & T Mtge. Corp., 389 Ill App 3d 388, 906 NE2d 638 [2009]; Bagley v Wells Fargo Bank, N.A., 2013 WL 350527, 2013 US Dist LEXIS 11880 [ED Va, Jan. 29, 2013, Civil Action No. 3:12-CV-617].)
The importance of making reasonable efforts to arrange for a face-to-face meeting cannot be overstated. As noted above, it is *198 a fundamental understanding of the government-insured mortgage program that when lower income individuals are confronted with even relatively minor financial difficulties, they will often have trouble keeping up with their mortgage payments. As such, the regulations require mortgagees, who benefit greatly from the protections afforded them through the issuance of FHA backed mortgage loans, to work with mortgagors to give them a chance to take the reasonable steps necessary to save their homes.
These policy considerations are directly applicable to the case in hand. When plaintiff first sent to defendant its default notices, defendant was less than 45 days in arrears and had appropriate arrangements been made to schedule a face-to-face interview, the matter could have been resolved in a manner beneficial to both parties. (Bagley v Wells Fargo Bank, N.A., 2013 WL 350527, 2013 US Dist LEXIS 11880 [ED Va, Jan. 29, 2013, Civil Action No. 3:12-CV-617].) Therefore, plaintiffs failure to meet the reasonable effort standard by not making a trip to the mortgaged property not only constituted a failure to satisfy a condition precedent to the maintenance of a foreclosure action, but it directly interfered with defendant’s opportunity to make her required payments and keep her home for herself and her family.
The court also finds that plaintiff is not entitled to the attorney’s fees and costs it incurred in bringing this matter. For several months, plaintiff took the erroneous position that no face-to-face meeting was required so that even though it did send the certified letter required by the applicable regulations, it apparently did not feel it had any further responsibilities with respect to scheduling a meeting with defendant. In making this determination, the court is exercising the equity powers it possesses to restrict a mortgagee who has not, within the reasonable expectation of good faith and fair dealing, followed or applied the required forbearance provisions of the HUD regulations. (Fleet Real Estate Funding Corp. v Smith, 366 Pa Super 116, 530 A2d 919 [1987].) Thus, defendant can reinstate the mortgage by making all payments currently due on the mortgage, which shall include the late fees set forth in the mortgage note, but shall not include attorney’s fees and costs.
Accordingly, it is hereby ordered, defendant’s motion for an order dismissing the within complaint be and the same hereby is granted; and it is further ordered, that the subject mortgage shall be reinstated upon defendant’s payments of all amounts *199 due on the mortgage, including the late fees set forth in the mortgage note, but shall not include the payment of any attorney’s fees and costs.

. Defendant initially contended no letter was ever sent. However, plaintiff provided proof that a letter, dated October 3, 2013, informing defendant of her right to a face-to-face interview was sent by certified mail and signed for by defendant’s father.

. Plaintiff initially contended that it was exempted from the face-to-face meeting requirement because of the distance between the mortgaged property and its servicer or branch office. However, it later admitted to using the wrong address in making this determination and acknowledged that defendant was, in fact, eligible for a face-to-face meeting.

. Plaintiff does not dispute that the subject mortgage contract explicitly intended incorporation of all HUD regulations concerning foreclosure proceedings of a defaulted mortgage. (Young v Midfirst Bank, N.A., 2011 WL 4543085, 2011 US Dist LEXIS 111266 [D Mass, Sept. 29, 2011, Civil Action No. 10-12128-GAO].)