■ RETAINED REALTY, INC., Respondent, v YAWAR H. SYED, Also Known as SYED YAWAR HUSSAIN, Appellant, et al., Defendants. [26 NYS3d 889]—

In an action to foreclose a mortgage, the defendant Yawar H. Syed appeals from so much of a judgment of foreclosure and sale of the Supreme Court, Kings County (Dear, J.), dated July 1, 2013, as, upon an order of the same court dated October 15, 2012, granting the plaintiff's motion, inter alia, for summary judgment on the complaint, directed the sale of the subject premises.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted the plaintiff's motion, inter alia, for summary judgment on the complaint. The plaintiff made a prima facie showing of entitlement to judgment as a matter of law by submitting the mortgage, the unpaid note, and the affidavit of its vice president attesting to the appellant's default (*see Emigrant Mtge. Co., Inc. v Beckerman*, 105 AD3d 895, 895 [2013]; *Argent Mtge. Co., LLC v Mentesana*, 79 AD3d 1079 [2010]; *U.S. Bank Natl. Assn. TR U/S 6/01/98 [Home Equity Loan Trust 1998-2] v Alvarez*, 49 AD3d 711 [2008]). In opposition, the appellant failed to raise a triable issue of fact as to a bona fide defense to the action (*see Emigrant Mtge. Co., Inc. v Beckerman*, 105 AD3d at 895; *Baron Assoc., LLC v Garcia Group Enters., Inc.*, 96 AD3d 793 [2012]; *cf. U.S. Bank Natl. Assn. TR U/S 6/01/98 [Home Equity Loan Trust 1998-2] v Alvarez*, 49 AD3d at 711). Specifically, the appellant failed to raise a triable issue of fact as to whether the subject loan was the product of predatory lending. Moreover, the appellant failed to raise a triable issue of fact as to whether the plaintiff failed to negotiate in good faith to reach a mutually agreeable resolution, including a loan modification, if possible, as required by CPLR 3408 (f) (*cf. Onewest Bank, FSB v Colace*, 130 AD3d 994 [2015]).

The appellant's contention that the plaintiff failed to establish that it had standing to pursue foreclosure is improperly raised for the first time on appeal, and therefore is not properly before this Court (*see Perla v Daytree Custom Bldrs., Inc.*, 119 AD3d 758, 760 [2014]; *NYU Hosp. for Joint Diseases v Country Wide Ins. Co.*, 84 AD3d 1043, 1044 [2011]). Mastro, J.P., Hall, Miller and LaSalle, JJ., concur.