*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 14, 2016                    522031
_____

NATIONSTAR MORTGAGE, LLC,
                              Respondent,

       v

MARC M. ALLING, Also Known                MEMORANDUM AND ORDER
   as MARC ALLING,
                              Appellant,
                              et al.,
                              Defendants.
_____

Calendar Date:  May 25, 2016

Before:  Peters, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.

                      _____


       David Brickman PC, Albany (David Brickman of counsel), for
appellant.

       Frenkel Lambert Weiss Weisman & Gordon, LLP, Bay Shore
(Fernando C. Rivera-Maissonet of counsel) and Sandelands Eyet
LLP, New York City (William C. Sandelands of counsel), for
respondent.

                      _____


Egan Jr., J.

       Appeal from an order of the Supreme Court (O'Connor, J.),
entered July 1, 2015 in Albany County, which, among other things,
granted a motion by plaintiff's predecessor in interest for
summary judgment.

       In July 2007, defendant Marc M. Alling (hereinafter
defendant) executed a note in favor of Countrywide Home Loans,
Inc. in the amount of $64,000.  The note was secured by a
mortgage in favor of Mortgage Electronic Registration Systems,

Inc., as Countrywide's nominee, and encumbered property located in the City of Schenectady, Schenectady County. Defendant defaulted on the note in April 2011 and, in September 2011, the underlying mortgage was assigned to Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP — formerly known as Countrywide Home Loans Servicing, LP. Bank of America sent defendant a demand letter and advised defendant of its intent to accelerate the loan in August 2012.

In March 2013, Bank of America commenced this foreclosure action against, among others, defendant. On or about May 1, 2013, Bank of America and defendant entered into a stipulation permitting defendant to file an answer on or before May 30, 2013.[1] Shortly thereafter, on or about May 14, 2013, Bank of America assigned the mortgage, "together with the note[] and obligations therein described," to Nationstar Mortgage, LLC. In February 2015, Bank of America moved for, among other things, summary judgment and to substitute Nationstar as the named plaintiff in this action. Defendant opposed this motion and cross-moved to amend his answer. Supreme Court, among other things, granted the motion for summary judgment, appointed a referee to compute the total sum due and owing, substituted Nationstar for Bank of America as the named plaintiff and amended the caption accordingly. Defendant now appeals.

We affirm. Defendant initially contends that Bank of America lacked standing to bring this foreclosure action because, at the time such action was commenced, Bank of America was not "the holder or assignee of the mortgage and the holder or assignee of the underlying note" (BAC Home Loans Servicing, LP v

---

[1] Although the record references an answer filed on defendant's behalf through counsel in August 2013, this pleading does not appear in the record on appeal and, upon inquiry from this Court, defendant provided only what appears to be a pro se answer — in letter form — dated April 1, 2013. Defendant also attempted to file an answer dated March 4, 2015, which was rejected by Bank of America as untimely. As a result, it does not appear as though any answer — other than the April 2013 pro se submission — was ever filed in this matter.

Bixby, 135 AD3d 1009, 1010 [2016] [internal quotation marks and citation omitted], lv dismissed 27 NY3d 1014 [2016]).  This argument is premised upon defendant's erroneous belief that Bank of America assigned the note and mortgage to Nationstar prior to commencing the foreclosure action.  As this action was commenced in March 2013 and the assignment from Bank of America to Nationstar occurred in May 2013, defendant is simply incorrect.  More to the point, any standing challenge was waived by defendant's failure to raise this as an affirmative defense in the only answer with which this Court has been provided or in a pre-answer motion to dismiss (see CPLR 3018 [b]; 3211 [a] [3]; [e]; CNB Realty v Stone Cast, Inc., 127 AD3d 1438, 1439 [2015]; EMC Mtge. Corp. v Gass, 114 AD3d 1074, 1075 [2014]; HSBC Bank USA N.A. v Pacyna, 112 AD3d 1246, 1247 [2013]).

As to the merits, "[t]o establish entitlement to summary judgment in a foreclosure action, a plaintiff must produce evidence of the mortgage and unpaid note along with proof of the mortgagor's default" (Wells Fargo Bank, NA v Ostiguy, 127 AD3d 1375, 1376 [2015]; see U.S. Bank N.A. v Carnivale, 138 AD3d 1220, 1220 [2016]; Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 738 [2015]; Schantz v O'Sullivan, 288 AD2d 536, 536-537 [2001]).  Here, in support of its motion for summary judgment, Bank of America tendered, among other things, copies of the note, mortgage and relevant assignment agreements, as well as a copy of its August 2012 demand letter attesting to defendant's default and notifying defendant of its intent to accelerate the loan.  Additionally, Bank of America provided an affidavit from Nationstar's assistant secretary, who, upon reviewing all of the pertinent records (including those maintained by Bank of America) and attesting to the assignment of the subject note and mortgage, averred that defendant was in default commencing with the April 1, 2011 mortgage payment and all subsequent payments thereafter due.  Such proof was sufficient to demonstrate Bank of America's prima facie entitlement to judgment as a matter of law, thereby shifting the burden to defendant to raise a question of fact as to a bona fide defense to foreclosure (see U.S. Bank N.A. v Godwin, 137 AD3d 1260, 1262 [2016]; PHH Mtge. Corp. v Davis, 111 AD3d 1110, 1111 [2013], lv dismissed 23 NY3d 940 [2014]).  In opposition, defendant argued only that Bank of America failed to properly credit certain of his mortgage payments made in 2009 and

2010.  However, any omission by Bank of America in this regard does not excuse — and, more to the point, defendant does not dispute — the fact that he subsequently defaulted on his obligations in 2011, and the record makes clear that it is the 2011 default that forms the basis for this foreclosure action. Indeed, in a May 2013 letter addressed to Nationstar, defendant readily admitted that he "stopped making payments" on the subject loan in September 2011 — resulting in a delinquency of, by defendant's count, "20 payments."[2]  Inasmuch as defendant failed to tender sufficient proof to raise a question of fact relative to his admitted default, Supreme Court, among other things, properly granted Bank of America's motion for summary judgment, substituted Nationstar for Bank of America as the named plaintiff and amended the caption accordingly.[3]

Peters, P.J., McCarthy, Lynch and Devine, JJ., concur.

---

[2]  The seeming discrepancy as to the date upon which defendant's default occurred stems from the fact that the last payment made by defendant — bearing a transaction date of August 31, 2011 — was applied as a credit to his March 2011 mortgage payment.  Hence, to Bank of America's analysis, defendant was in default beginning with the April 1, 2011 mortgage payment, whereas — to defendant's thinking — he was current on his mortgage until he admittedly stopped making payments in September 2011.  Regardless of the date employed, however, there is no question that defendant was in default when the demand letter was sent in August 2012 and when this action was commenced in March 2013.

[3]  To the extent that — prior to his admitted default in September 2011 — certain of defendant's payments may not have been properly credited by Bank of America and, hence, the amount actually owed by defendant is in doubt, this is a matter for the referee to address in computing the sum currently due and owing.

ORDERED that the order is affirmed, without costs.


                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court