■ HERMAN SCHWYTER et al., Respondents, v JOHN DENOBLE, JR, Appellant, et al., Defendants. [37 NYS3d 28]—

In an action to foreclose a mortgage, the defendant John DeNoble, Jr., appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Green, J.), dated March 31, 2015, as granted those branches of the motion of Warsowe Acquisition Corporation, doing business as Warsowe Financial Corp., which were for summary judgment on the complaint insofar as asserted against him and to substitute Herman Schwyter and Margaritha Schwyter as the plaintiffs.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this mortgage foreclosure action, the Supreme Court properly granted that branch of the motion of Warsowe Acquisition Corporation, doing business as Warsowe Financial Corp. (hereinafter Warsowe), which was for summary judgment on the complaint insofar as asserted against the defendant John DeNoble, Jr. Warsowe made a prima facie showing of entitlement to judgment as a matter of law by submitting the mortgage, the unpaid note, and evidence of DeNoble's default (see Emigrant Mtge. Co., Inc. v Beckerman, 105 AD3d 895, 895 [2013]; Argent Mtge. Co., LLC v Mentesana, 79 AD3d 1079 [2010]). In opposition, DeNoble failed to raise a triable issue of fact as to a bona fide defense to the action (see Emigrant Mtge. Co., Inc. v Beckerman, 105 AD3d at 895; Baron Assoc., LLC v Garcia Group Enters., Inc., 96 AD3d 793 [2012]). Specifically, DeNoble failed to raise a triable issue of fact as to whether the interest on the subject loan was usurious (see Abir v Malky, Inc., 59 AD3d 646 [2009]; cf. Oliveto Holdings, Inc. v Rattenni, 110 AD3d 969 [2013]).

The Supreme Court providently exercised its discretion in granting that branch of Warsowe's motion which was to substitute Herman Schwyter and Margaritha Schwyter as the plaintiffs (see CPLR 1018; Mortgage Elec. Registration Sys., Inc. v Holmes, 131 AD3d 680 [2015]; Maspeth Fed. Sav. & Loan Assn. v Simon-Erdan, 67 AD3d 750, 751 [2009]). Warsowe established that the mortgage was assigned to the Schwyters after this action had been commenced.

DeNoble's contention that the Schwyters lack standing to be substituted as the plaintiffs because there was insufficient evidence that the Schwyters possessed the note is improperly raised for the first time on appeal (*see Retained Realty, Inc. v Syed*, 137 AD3d 1099 [2016]; *HSBC Bank USA, N.A. v Calderon*, 115 AD3d 708 [2014]). Chambers, J.P., Dickerson, Duffy and LaSalle, JJ., concur.