*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 8, 2016                    522612
_____

HSBC MORTGAGE CORPORATION
      (USA),
                          Respondent,

        v

BARBARA JOHNSTON, Also Known          MEMORANDUM AND ORDER
      as BARBARA A. JOHNSTON,
                          Appellant,
                          et al.,
                          Defendant.
_____


Calendar Date:  October 11, 2016

Before:  Peters, P.J., Lynch, Devine, Clark and Aarons, JJ.

                        _____


        Law Offices of James W. Hyde IV, Wells (James W. Hyde IV of
counsel), for appellant.

        Rosicki, Rosicki & Associates, PC, Plainview (David Mushett
of counsel), for respondent.

                        _____


Aarons, J.

        Appeal from an order of the Supreme Court (Pritzker, J.),
entered April 14, 2015 in Washington County, which denied
defendant Barbara Johnston's motion to, among other things, renew
and reargue a prior order.

        After defendant Barbara Johnston (hereinafter defendant)
failed to make payments due under her loan, plaintiff commenced
this foreclosure action.  Supreme Court subsequently granted
plaintiff's motion for summary judgment and, in 2010, Supreme
Court granted plaintiff a judgment of foreclosure and sale.  In

2011, defendant moved to vacate the judgment of foreclosure and sale arguing, among other things, that plaintiff lacked standing to commence this action. Supreme Court, in an order entered on February 4, 2014, denied defendant's motion finding that defendant waived the affirmative defense of lack of standing. Defendant thereafter moved for, among other things, renewal and reargument of the February 4, 2014 order. Supreme Court, in an order entered on April 14, 2015, denied said motion, prompting this appeal by defendant. We affirm.

Initially, because Supreme Court addressed the merits of that part of defendant's motion seeking reargument, we view the April 14, 2015 order on this point as granting reargument and adhering to its prior decision. As such, contrary to plaintiff's argument, defendant may appeal from the denial of that part of her motion seeking reargument (see CPLR 5701 [a] [2] [viii]; Rodriguez v Jacoby & Meyers, LLP, 126 AD3d 1183, 1184-1185 [2015], lv denied 25 NY3d 912 [2015]; Grasso v Schenectady County Pub. Lib., 30 AD3d 814, 816 n 1 [2006]).

We nevertheless conclude that Supreme Court properly adhered to its original decision upon reargument inasmuch as defendant failed to demonstrate that Supreme Court overlooked or misapprehended any fact or law in finding that defendant waived the affirmative defense of lack of standing (see CPLR 2221 [d] [2]). Contrary to defendant's assertion, the failure to raise lack of standing as an affirmative defense in an answer or in a pre-answer motion to dismiss constitutes a waiver of such affirmative defense (see Nationstar Mtge., LLC v Alling, 141 AD3d 916, 917 [2016]; CNB Realty v Stone Cast, Inc., 127 AD3d 1438, 1439 [2015]; HSBC Bank USA N.A. v Pacyna, 112 AD3d 1246, 1247 [2013]). Furthermore, even affording a liberal pleading standard to defendant, who was pro se when she interposed her answer, we conclude that the statements in her answer – a request that plaintiff produce the original note to determine whether it had been altered or the allegation that plaintiff improperly converted the mortgage into an asset – did not sufficiently apprise plaintiff that defendant was challenging plaintiff's standing to bring this foreclosure action (see CPLR 3018 [b]). Accordingly, we find no error in Supreme Court's denial of defendant's motion to the extent that it sought reargument.

We also conclude that Supreme Court properly denied that aspect of defendant's motion seeking renewal. In support of renewal, defendant submitted a partial copy of her credit history report from 2013 as a means to challenge plaintiff's standing. This proof, however, would not change the prior determination that defendant waived the standing defense and, thus, Supreme Court properly denied that aspect of defendant's motion seeking renewal (see Matter of Barnes v Venettozzi, 135 AD3d 1250, 1251 [2016]).

Peters, P.J., Lynch, Devine and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court