██ HSBC Bank USA, National Association, as Trustee for MortgageIT Securities Corp. Mortgage Loan Trust, Series 2007-1, Mortgage Pass-Through Certificates, Respondent, v Mordechai Szoffer et al., Appellants, et al., Defendants. [52 NYS3d 721]—

Egan Jr., J. Appeal from an order of the Supreme Court (Meddaugh, J.), entered October 2, 2015 in Sullivan County, which, among other things, granted plaintiff's motion for summary judgment.

In April 2007, defendant Mordechai Szoffer, president of defendant Royal Property Care, Inc., executed a note and mortgage covering certain real property located in the hamlet of South Fallsburg, Sullivan County. Although Szoffer was the obligor on the note and mortgage, Royal Property was the record owner of the property. Szoffer failed to make the required payments beginning in April 2009 and, in July 2009, the subject mortgage was assigned to plaintiff. Plaintiff thereafter commenced this mortgage foreclosure action against, among others, Szoffer and Royal Property (hereinafter collectively referred to as defendants). Following joinder of issue, plaintiff moved for, among other things, summary judgment; defendants opposed the motion and cross-moved to dismiss the complaint—contending that plaintiff lacked standing. Supreme Court, among other things, granted plaintiff's motion for summary judgment, prompting this appeal.

We affirm. "A plaintiff establishes its entitlement to summary judgement in a mortgage foreclosure action by submitting the mortgage and unpaid note, along with evidence of default in payments" (*Citibank, NA v Abrams*, 144 AD3d 1212, 1214 [2016] [citations omitted]; *see Nationstar Mtge., LLC v Alling*, 141 AD3d 916, 917 [2016]; *HSBC Bank USA, N.A. v Sage*, 112 AD3d 1126, 1127 [2013], *lvs dismissed* 22 NY3d 1172 [2014], 23 NY3d 1015 [2014]). Here, in support of its motion

for summary judgment, plaintiff tendered, among other things, the mortgage, the note (endorsed in blank), the assignment agreement, portions of the applicable pooling and servicing agreement (together with a schedule identifying the subject loan as part of the pool of loans held in trust by plaintiff) and proof of defendants' default, including the relevant demand letters and notices. Plaintiff also submitted an affidavit from one of the officers of its servicing agent, who, upon reviewing all of the pertinent business records, averred that plaintiff was in default commencing with the April 1, 2009 mortgage payment and all subsequent payments thereafter due. "Such proof was sufficient to demonstrate [plaintiff's] prima facie entitlement to judgment as a matter of law, thereby shifting the burden to defendant[s] to raise a question of fact as to a bona fide defense to foreclosure" (*Nationstar Mtge., LLC v Alling*, 141 AD3d at 918 [citations omitted]; *see HSBC Bank USA, N.A. v Sage*, 112 AD3d at 1127).

In opposition, defendants submitted an attorney's affidavit, together with case law and proof of mortgage assignments that were unrelated to the property at issue, and argued that plaintiff lacked standing. However, the record makes clear—and defendants readily concede—that they failed to raise lack of standing in their answer or in the context of a timely pre-answer motion to dismiss, thereby waiving this defense (*see* CPLR 3211 [a] [3]; [e]; *HSBC Mtge. Corp. [USA] v Johnston*, 145 AD3d 1240, 1241 [2016]; *Nationstar Mtge., LLC v Alling*, 141 AD3d at 917). To the extent that defendants argue that Supreme Court could—and should—have raised this issue sua sponte and dismissed the underlying complaint, courts have been consistent in holding that "a party's lack of standing does not constitute a jurisdictional defect and does not warrant a sua sponte dismissal of the complaint by the [trial] court" (*Onewest Bank, FSB v Prince*, 130 AD3d 700, 701 [2015]; *accord Consumer Solutions, LLC v Charles*, 137 AD3d 952, 953 [2016]; *Nationstar Mtge., LLC v Wong*, 132 AD3d 825, 825-826 [2015]; *see Marcon Affiliates, Inc. v Ventra*, 112 AD3d 1095, 1095-1096 [2013]). Finally, while defendants assert that, consistent with the provisions of CPLR 3025 (b), they could have sought leave to amend their answer to raise lack of standing as an affirmative defense, nothing in the record suggests that they attempted to do so. Indeed, it does not appear that defendants made any effort to raise this issue until confronted with plaintiff's motion for summary judgment—some 5½ years after this action was commenced. Under these circumstances,

defendants waived the affirmative defense of standing.[1] As our review of the record reveals that defendants otherwise failed to raise any bona fide defense to this foreclosure action,[2] Supreme Court properly granted plaintiff's motion for summary judgment. Defendants' remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

McCarthy, J.P., Lynch, Devine and Clark, JJ., concur. Ordered that the order is affirmed, with costs.

---

1. In any event, plaintiff submitted two affidavits from officers of its servicing agent—one in support of its motion for summary judgment and one in reply to defendants' papers in opposition—each of whom averred that, based upon their respective reviews of the relevant business records, plaintiff was in possession of the promissory note prior to the commencement of this foreclosure action, which is sufficient to confer standing (*see JPMorgan Chase Bank, N.A. v Mantle*, 134 AD3d 903, 904 [2015]; *HSBC Bank USA, N.A. v Sage*, 112 AD3d at 1127-1128; *compare JP Morgan Chase Bank, N.A. v Venture*, 148 AD3d 1269, 1270-1271 [2017]).

2. Defendants have not briefed the merits of the three affirmative defenses that they did raise in their answer and, as such, we deem any arguments in this regard to be abandoned (*see generally NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc.*, 141 AD3d 785, 787 n 4 [2016]).