■ CHASE HOME FINANCE, LLC, Respondent, v ANTHONY M. HOWLAND, Also Known as ANTHONY HOWLAND, et al., Appellants, et al., Defendants. [50 NYS3d 316]—

Rose, J. Appeal from an order of the Supreme Court (J. Sise, J.), entered January 4, 2016 in Montgomery County, which granted plaintiff's motion for, among other things, summary judgment.

In April 2010, plaintiff commenced this mortgage foreclosure action alleging that defendants Anthony M. Howland and Donna M. Falconio (hereinafter collectively referred to as defendants) defaulted on a note secured by a mortgage on real property located in Montgomery County. Defendants timely answered and asserted three affirmative defenses, none of which raised the issue of plaintiff's standing to commence this action. In October 2013, JP Morgan Chase Bank, National Association, as successor by merger to plaintiff, assigned the mortgage to M&T Bank, as successor by merger to M&T Mortgage Corporation. Only then did defendants move for dismissal of the complaint, arguing, among other things, that plaintiff lacked standing. Supreme Court denied the motion in a September 2014 order, finding that defendants had waived this affirmative defense. Plaintiff later moved for summary judgment and to substitute M&T Bank as the named plaintiff in this action. In January 2016, Supreme Court granted plaintiff's motion in its entirety. Defendants now appeal.

Supreme Court correctly found that defendants waived their

right to contest plaintiff's standing inasmuch as "the failure to raise lack of standing as an affirmative defense in an answer or in a pre-answer motion to dismiss constitutes a waiver of such affirmative defense" (*HSBC Mtge. Corp. [USA] v Johnston*, 145 AD3d 1240, 1241 [2016]; *see* CPLR 3211 [a] [3]; [e]; *HSBC Bank USA, N.A. v Sage*, 143 AD3d 1214, 1215 [2016]; *Nationstar Mtge., LLC v Alling*, 141 AD3d 916, 917 [2016]). Further, contrary to defendants' assertion, "the standing issue does not implicate the jurisdiction of Supreme Court such as to render it nonwaivable" (*Kruger v State Farm Mut. Auto. Ins. Co.*, 79 AD3d 1519, 1520 [2010]; *see HSBC Bank USA, N.A. v Ashley*, 104 AD3d 975, 976 [2013], *lv dismissed* 21 NY3d 956 [2013]; *see also CNB Realty v Stone Cast, Inc.*, 127 AD3d 1438, 1439 [2015]).

Nor did Supreme Court err in finding that plaintiff met its initial summary judgment burden. To establish its entitlement to summary judgment, plaintiff produced "the mortgage and unpaid note, along with evidence of [defendants'] default in payments" (*Citibank, NA v Abrams*, 144 AD3d 1212, 1214 [2016]; *see Nationstar Mtge., LLC v Alling*, 141 AD3d at 917-918; *see generally Wells Fargo Bank, N.A. v Walker*, 141 AD3d 986, 987 [2016]). "Such proof was sufficient to demonstrate [plaintiff's] prima facie entitlement to judgment as a matter of law, thereby shifting the burden to defendant[s] to raise a question of fact as to a bona fide defense to foreclosure" (*Nationstar Mtge., LLC v Alling*, 141 AD3d at 918 [citations omitted]). In opposition, defendants proffered an affirmation by their attorney challenging plaintiff's standing. They also produced the documents that they had already submitted with their unsuccessful motion for dismissal of the complaint based upon lack of standing. In view of this, we agree with Supreme Court that defendants failed to raise a question of fact as to a bona fide defense to foreclosure (*id.*).

Finally, we reject defendants' contention that Supreme Court abused its discretion in granting plaintiff's request to substitute M&T Bank as the named plaintiff in this action (*see* CPLR 1018; *Schwyter v DeNoble*, 142 AD3d 699, 699 [2016]). Defendants' remaining contentions, to the extent not expressly addressed herein, have been considered and determined to be lacking in merit.

Garry, J.P., Egan Jr., Devine and Aarons, JJ., concur. Ordered that the order is affirmed, with costs.