Pritzker, J.
 

 Appeal from an order of the Supreme Court (Rumsey, J.), entered July 20, 2016 in Tompkins County, which, among other things, partially granted plaintiff’s motion for summary judgment.
 

 In June 2004, defendants Combustion Products Management, Inc. (hereinafter CPM), CPM Virginia, LLC, CPM Pennsylvania, LLC and CPM Golf, LLC, along with defendant Wallace Industries, Inc., executed and delivered two mortgage notes totaling $400,000 in favor of plaintiff. In July 2015, plaintiff commenced the present action seeking to consolidate and foreclose on the mortgages and obtain a money judgment against defendant Neil Wallace (hereinafter Wallace) and Wallace Industries. In October 2015, after an unsuccessful motion to dismiss, Wallace Industries, CPM, CPM Virginia, CPM Golf and Wallace (hereinafter collectively referred to as defendants) filed an answer and counterclaim against plaintiff. Additionally, a third-party action was commenced against Richard Maidman
 
 [1]
 
 and third-party defendants Mitchel Maidman, David Maidman, Alexander Laughlin, Catalyst Recovery Systems, LLC (hereinafter CRS) and Calash, Inc. The third-party action arose out of a 2005 agreement between CRS and CPM (hereinafter the closing agreement), in which CPM sold 75% of a division known as Calash to CRS (hereinafter the Calash sale).
 
 [2]
 
 Defendants assert that, rather than CPM getting paid for this sale, the parties agreed that the purchase price would be paid by CRS to Richard Maidman, who, as escrow agent, would in turn pay plaintiff in satisfaction of the mortgage notes. Defendants maintain that, despite this agreement, CRS never paid Richard Maidman, who, along with David Maidman and Laughlin, diverted funds in an attempt to subvert defendants. Thereafter, in March 2011, CPM and Wallace brought an action in Tompkins County against CRS and David Maidman for breach of the closing agreement—raising allegations similar to those set forth in the third-party complaint.
 
 [3]
 

 In January 2016, plaintiff moved for summary judgment, seeking, among other things, a judgment of foreclosure, consolidation of the two mortgages at issue, a deficiency judgment against Wallace and Wallace Industries and severance of the third-party complaint. Defendants replied, cross-moved for summary judgment dismissing the complaint against them and, further, moved for summary judgment on the third-party claim against Richard Maidman. Thereafter, Richard Maidman and Mitchel Maidman cross-moved for summary judgment dismissing the third-party complaint. Supreme Court partially granted summary judgment in favor of plaintiff, determining, among other things, that plaintiff was entitled to proceed with the foreclosure action, and, upon a proper application, have a judgment of foreclosure, that the two mortgages be consolidated into a single lien, that a deficiency judgment be entered against Wallace and Wallace Industries and that the third-party action be severed. Supreme Court further denied defendants’ cross motion for summary judgment dismissing the complaint against them, as well as defendants’ motion for summary judgment on the third-party claim against Richard Maidman. Additionally, Supreme Court granted the cross motion brought by Richard Maidman and Mitchel Maidman for summary judgment dismissing the third-party complaint to the extent of dismissing the causes of action for breach of contract, fraudulent inducement and breach of fiduciary duty as to Richard Maidman and dismissing the third-party complaint against Mitchel Maidman in its entirety. Defendants appeal, and we affirm.
 

 Supreme Court properly granted summary judgment in favor of plaintiff. “In a foreclosure action, a mortgagee producing evidence of the mortgage, unpaid note and the mortgagor’s default will be entitled to summary judgment” (HSBC Bank USA, N.A. v Sage, 112 AD3d 1126, 1127 [2013] [citations omitted], lvs dismissed 22 NY3d 1172 [2014], 23 NY3d 1015 [2014]). Plaintiff, in support of its motion for summary judgment, provided documentation of the mortgages, the corresponding notes and testimony that defendants failed to ever pay on said notes. “Such proof was sufficient to demonstrate [plaintiff’s] prima facie entitlement to judgment as a matter of law, thereby shifting the burden to defendant [s] to raise a question of fact as to a bona fide defense to foreclosure” (Nationstar Mtge., LLC v Alling, 141 AD3d 916, 918 [2016] [citations omitted]).
 

 To meet their burden in opposing plaintiff’s motion for summary judgment, and in support of their cross motion, defendants generally alleged two theories: (1) that questions of material fact exist as to whether plaintiff was actually and/or constructively paid through the Calash sale; and (2) if there are no questions of material fact in this regard, then Richard Maidman breached his fiduciary duty to defendants, barring summary judgment. In support of these allegations, defendants submitted an amended closing agreement from the Calash sale, the note from said sale, the escrow agreement listing Richard Maidman as escrow agent for “the benefit of the existing secured creditors of CPM”
 
 [4]
 
 and emails from David Maid-man, the latter of which establish that he was a partner in plaintiff.
 

 Defendants first allege that because David Maidman was a partner in plaintiff, CPM’s “payment” of $472,000
 
 [5]
 
 to CRS constituted actual and/or constructive payment to plaintiff. While the documentary evidence does establish that David Maidman was a limited partner in plaintiff, defendants have failed to provide any support for their allegation that payment to David Maidman as a limited partner of plaintiff discharges the debt owed to plaintiffs, a limited partnership. Other than their unsupported allegations, defendants have failed to provide evidence establishing that the Calash sale otherwise constituted actual and/or constructive payment of the mortgage debt owed to plaintiff. In fact, the documents relating to the subject transactions make no reference to one another, therefore demonstrating that the transactions are separate and distinct; as such, defendants’ “[s] elf-serving and conclusory allegations do not raise issues of fact” sufficient to meet their shifted burden (Citibank, NA v Abrams, 144 AD3d 1212, 1216 [2016]). In particular, the revised closing agreement not only fails to reference the mortgages, it also does not even permit Richard Maid-man to release any funds to any secured creditor (including plaintiff) without the express approval of CRS and CPM. Therefore, before any moneys could be applied to the mortgage debt, Wallace would have had to consent to such distribution by the escrow agent as there is no authority for the escrow agent to act otherwise. As Wallace retained this power and discretion, the closing agreement is no more than an additional source of payment for the mortgage obligation that plaintiff could seek, subject to the mortgagor’s consent, and it in no way impairs the right of plaintiff to seek direct payment on the note and mortgage. Therefore, Supreme Court properly found that there existed no questions of material fact and granted summary judgment in favor of plaintiff.
 

 Defendants further contend that plaintiff is not entitled to summary judgment as Richard Maidman breached his fiduciary duty as escrow agent when he actively concealed that no payments were being made from the escrow account. As Richard Maidman had no affirmative obligation to collect on the CRS note, the breach of fiduciary duty claim is without merit. Moreover, because Wallace’s assent was necessary to direct the release of escrow funds, he would have readily known that no payments were being made against his mortgage— inasmuch as he never directed Richard Maidman to make such distribution. Finally, Richard Maidman’s fiduciary duty relates to the New York County action concerning the separate and distinct Calash sale. Similarly, as all of the affirmative defenses raised by defendants relate to the 2005 Calash sale, and as defendants did not proffer sufficient evidence to demonstrate an equitable nexus between said sale and their default in the present action, such claims are unavailing and were properly dismissed by Supreme Court. Defendants’ remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
 

 McCarthy, J.P., Lynch, Clark and Aarons, JJ., concur.
 

 Ordered that the order is affirmed, with costs.
 

 [1]
 

 . Following Richard Maidman’s death, this Court granted a motion to substitute the executors of his estate—Mitchel Aron Maidman, Lynne Lateiner Maidman Manning and Dagny Carol Maidman—in his place and stead as third-party defendants.
 

 [2]
 

 . At the time of the relevant transactions, Richard Maidman was a controlling partner of plaintiff, Wallace was the owner of CPM and David Maid-man was a limited partner of plaintiff and an executive officer and director of CRS.
 

 [3]
 

 . Pursuant to the closing agreement, which provides that New York County has exclusive jurisdiction, venue is now New York County.
 

 [4]
 

 . Notably, exhibit D, which purportedly lists the secured creditors, was not in the record, with the exception of a blank page.
 

 [5]
 

 . This claimed payment was actually a transfer from CPM to CRS in the form of specified assets and liabilities.