Bank of Am., N.A. v Spencer (2018 NY Slip Op 07573)





Bank of Am., N.A. v Spencer


2018 NY Slip Op 07573


Decided on November 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


1063 CA 17-01441

[*1]BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, FORMERLY KNOWN AS COUNTRYWIDE HOME LOANS SERVICING, LP, PLAINTIFF-RESPONDENT,
v
PATRICK J. SPENCER, ALSO KNOWN AS PATRICK SPENCER, ET AL., DEFENDANTS, AND SANDRA B. SPENCER, DEFENDANT-APPELLANT. 






LEGAL ASSISTANCE OF WESTERN NEW YORK, INC., GENEVA (AMARIS ELLIOTT-ENGEL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
DAVIDSON FINK LLP, ROCHESTER (RICHARD FRANCO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Livingston County (Robert B. Wiggins, A.J.), entered April 19, 2017. The order, insofar as appealed from, granted those parts of the motion of plaintiff seeking summary judgment, seeking to strike the answer of defendant Sandra B. Spencer and seeking the appointment of a referee. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, those parts of the motion seeking summary judgment on the amended complaint, seeking to strike the answer of defendant Sandra B. Spencer, and seeking appointment of a referee are denied, and the fifth through ninth ordering paragraphs are vacated.
Memorandum: Plaintiff commenced this action seeking to foreclose a mortgage secured by residential property owned by Sandra B. Spencer (defendant). We conclude that Supreme Court erred in granting plaintiff's motion seeking, inter alia, summary judgment on its amended complaint against defendant. In her pro se answer to the amended complaint, defendant alleged that the loan was subject to Federal Housing Administration guidelines and that plaintiff failed to comply with the regulations of the Department of Housing and Urban Development requiring the mortgagee to undertake certain pre-foreclosure measures, including a face-to-face meeting with the mortgagor, with respect to such loans. Although defendant did not specifically cite 24 CFR 203.604, the regulation establishing the face-to-face meeting requirement, in her answer, we afford the pro se answer a liberal reading (see generally HSBC Mtge. Corp. [USA] v Johnston, 145 AD3d 1240, 1241 [3d Dept 2016]; Wells Fargo Bank, N.A. v Erobobo, 127 AD3d 1176, 1177 [2d Dept 2015], lv dismissed 25 NY3d 1221 [2015]), and conclude that defendant "sufficiently apprise[d] plaintiff" that she was challenging plaintiff's compliance with the requirements of that regulation (Johnston, 145 AD3d at 1241).
Plaintiff failed to establish that it complied with the requirements of 24 CFR 203.604 and thus failed to establish that it was entitled to judgment as a matter of law on the amended complaint (see Green Planet Servicing, LLC v Martin, 141 AD3d 892, 893 [3d Dept 2016]; HSBC Bank USA, N.A. v Teed, 48 Misc 3d 194, 196-197 [Steuben County Ct 2014]; cf. US Bank N.A. v McMullin, 55 Misc 3d 1053, 1060-1064 [Sup Ct, Albany County 2017]). More specifically, plaintiff did not arrange or attempt to arrange a face-to-face interview with defendant at any time "before three full monthly installments . . . [were] unpaid" (§ 203.604 [b]). Instead, the first attempt was made in June 2011, i.e., more than six months after the first installment went unpaid. Moreover, plaintiff did not establish that it sent notices to defendant by certified mail, as required by section 203.604 (d).
Entered: November 9, 2018
Mark W. Bennett
Clerk of the Court