Bank of Am., N.A. v Kennedy (2019 NY Slip Op 02603)





Bank of Am., N.A. v Kennedy


2019 NY Slip Op 02603


Decided on April 4, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 4, 2019

527324

[*1]BANK OF AMERICA, N.A., Respondent,
v
CHRISTOPHER S. KENNEDY et al., Appellants, et al., Defendants.

Calendar Date: February 14, 2019

Before: Clark, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Englert, Coffey, McHugh & Fantauzzi, LLP, Schenectady (Peter V. Coffey of counsel), for appellants.
Gross Polowy, LLC, Westbury (Stephen J. Vargas of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.P.
Appeal from an order of the Supreme Court (Caruso, J.), entered November 22, 2017 in Schenectady County, which, among other things, granted plaintiff's motion for summary judgment.
In November 2006, defendants Christopher S. Kennedy and Cherie L. Kennedy (hereinafter collectively referred to as defendants) executed a promissory note in favor of Countrywide Home Loans, Inc., which was secured by a mortgage on certain real property in Schenectady County. In December 2008, defendants ceased making payments on the note, and, the following year, plaintiff commenced a mortgage foreclosure action (hereinafter the 2009 action) and filed a notice of pendency. However, based upon plaintiff's failure to comply with "a number of [c]ourt [o]rders and mandates," Supreme Court (Drago, J.) ultimately dismissed the 2009 action "without prejudice," awarded defendants counsel fees and canceled the notice of pendency.
In June 2014, plaintiff commenced the present mortgage foreclosure action and, once again, filed a notice of pendency. Defendants joined issue and asserted, as an affirmative defense, that plaintiff was prohibited by statute from filing a second notice of pendency — a condition precedent to judgment in a mortgage foreclosure action (see RPAPL 1331) — and, therefore, could not prevail. Plaintiff thereafter moved for summary judgment seeking to foreclose on the mortgage and the appointment of a referee to compute the amount owed. Defendants, in turn, cross-moved for summary judgment dismissing the complaint. Supreme Court (Caruso, J.) granted plaintiff's motion and denied defendants' cross motion, prompting this appeal.
We affirm. "A plaintiff establishes its entitlement to summary judgment in a mortgage foreclosure action by submitting the mortgage and unpaid note, along with evidence of [*2]default in payments" (Citibank, NA v Abrams, 144 AD3d 1212, 1214 [2016] [citations omitted]; accord JPMorgan Chase Bank, N.A. v Verderose, 154 AD3d 1198, 1199 [2017]). In support of its motion for summary judgment, plaintiff submitted the unpaid note, the mortgage and the 2009 assignment of the mortgage to BAC Home Loans Servicing, LP — a company that merged with plaintiff in 2011. Plaintiff also submitted the affidavit of the Assistant Vice President of Default for plaintiff's servicer and attorney-in-fact, who averred that defendants had been in default since December 2008 and that plaintiff was the holder and assignee of the note and the assignee of the mortgage. Through the foregoing proof, plaintiff demonstrated its prima facie entitlement to judgment as a matter of law, thereby shifting the burden to defendants "to raise a question of fact as to a bona fide defense to foreclosure" (Nationstar Mtge., LLC v Alling, 141 AD3d 916, 918 [2016]; see Charter One Bank, FSB v Leone, 45 AD3d 958, 958 [2007]).
Defendants argued that, given the circumstances under which Supreme Court (Drago, J.) canceled the notice of pendency filed by plaintiff in the 2009 action, plaintiff was precluded by CPLR 6516 from filing another notice of pendency and, therefore, could not comply with the requirement of RPAPL 1331. In defendants' view, CPLR 6516 permits the filing of a successive notice of pendency in a mortgage foreclosure action in only two circumstances, neither of which applies in this case.
When, as here, we are asked to resolve "a question of statutory interpretation, our primary consideration is to ascertain and give effect to the intention of the Legislature," with "[t]he statutory text [being] the clearest indicator of legislative intent" (Matter of DaimlerChysler Corp. v Spitzer, 7 NY3d 653, 660 [2006] [internal quotation marks and citations omitted]; see Matter of Lemma v Nassau County Police Officer Indem. Bd., 31 NY3d 523, 528 [2018]). Thus, if "the statutory language is clear and unambiguous," we must "construe it so as to give effect to the plain meaning of the words used" (Patrolmen's Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d 205, 208 [1976]; accord Commonwealth of the N. Mariana Is. v Canadian Imperial Bank of Commerce, 21 NY3d 55, 60 [2013]). Applying these well settled principles here, we, like Supreme Court (Caruso, J.), reject defendants' construction and interpretation of CPLR 6516.
CPLR 6516 (c) — which codified the common-law "no second chance" rule (see Matter of Sakow, 97 NY2d 436, 442 [2002]; Israelson v Bradley, 308 NY 511, 516 [1955]; Nationstar Mtge. LLC v Dessingue, 155 AD3d 1152, 1153-1154 [2017]) — states that, "[e]xcept as provided in [CPLR 6516 (a)], a notice of pendency may not be filed in any action in which a previously filed notice of pendency affecting the same property had been cancelled or vacated or had expired or become ineffective." CPLR 6516 (a) states: "In a foreclosure action, a successive notice of pendency may be filed to comply with [RPAPL 1331], notwithstanding that a previously filed notice of pendency in such action or in a previous foreclosure action has expired pursuant to [CPLR 6513] or has become ineffective because service of a summons had not been completed within the time limited by [CPLR 6512], whether or not such expiration or such ineffectiveness has been determined by the court."
In our view, CPLR 6516 (a) clearly and unambiguously creates a broad exception to the "no second chance" rule codified by CPLR 6516 (c), thereby allowing for the filing of successive notices of pendency in mortgage foreclosure actions, without limitation. Although CPLR 6516 (a) specifically references circumstances under which successive notices of pendency may be filed, such as when a prior notice of pendency expires under CPLR 6513 or becomes ineffective for failure to comply with the time requirements of CPLR 6512, the Legislature, tellingly, did not include any limiting language that would indicate that those circumstances presented the only ones under which a successive notice of pendency could be filed (see generally Sega v State of New York, 60 NY2d 183, 190 [1983]). Thus, based upon our plain reading of the statutory language, plaintiff was not prohibited, as defendants contend, from filing a second notice of pendency following the court-ordered cancellation of its prior notice of pendency (see CPLR 6516 [a]).
We are similarly unpersuaded by defendants' argument that principles of equity demand dismissal of the complaint. Accordingly, as defendants failed to raise a question of fact as to a bona fide defense to foreclosure, Supreme Court properly granted plaintiff's motion for summary judgment and denied defendants' cross motion for summary judgment dismissing the complaint (see Maidman Family Parking, L.P. v Wallace Indus., Inc., 155 AD3d 1162, 1165 [2017]; Chase Home Fin., LLC v Howland, 149 AD3d 1405, 1406 [2017]). Defendants' remaining arguments have been reviewed and found to be without merit.
Mulvey, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.